JOSEPH *v.* EAST TENN., VA. & GA. RAILWAY CO.

1. Where the term at which the case was tried had ended by adjournment on the 15th of July, and on the 13th of August counsel for the plaintiff tendered to the judge a bill of exceptions complaining of a judgment of nonsuit rendered during the term, this bill of exceptions having in it material errors both of omission and commission in setting out a brief of the evidence, and for that reason it was returned by the judge to the counsel with his objections indorsed thereon *in extenso*, the return taking place on the 18th of August, five days after the bill of exceptions was tendered, and the counsel did not tender a correct bill of exceptions until the 22d of November, the delay was inexcusable and unreasonable, the same, so far as appears, not having been occasioned by providential cause.

2. The act of November 11th, 1889, in declaring that the judge shall, by any needful alteration, cause the bill of exceptions to conform to the truth, does not require him to make and insert in the bill of exceptions a brief of evidence substantially different from that set forth in the bill of exceptions presented to him, but only that he shall make such corrections as can properly be made by erasures and interlineations. If counsel, on being notified in writing of the judge's objections, does not at once make the desired alterations or insist that the judge shall make them, but raises an issue with the judge and keeps that issue pending for two or three months, finally conceding that the judge was correct, and on that account tendering a new bill of exceptions, the failure of the judge to himself make the requisite alterations in the first bill of exceptions will not save the second.

July 26, 1893.

MARION W. HARRIS, for plaintiff.

HILL, HARRIS & BIRCH, for defendant.

BLECKLEY, Chief Justice.

It was the duty of counsel to tender to the judge a correct bill of exceptions within thirty days after the adjournment of court. In this instance no such bill of exceptions was tendered until more than four months after adjournment. What transpired in the meantime is indicated in the first head-note. We think the delay was inexcusable and unreasonable. The second head-note sets forth what we deem a proper construction of

the act of November 11th, 1889, with reference to the judge's duty in altering bills of exception when found to be incorrect. The motion to dismiss must prevail.

*Writ of error dismissed.*