PUSEY & COMPANY *v.* SWEAT, judge.

1. To be sufficient as a writ of error, the certificate of the judge to the bill of exceptions must conform, in substance, to that prescribed in the act of November 11th, 1889; and as the certificate is to be the same where the judge has corrected the bill of exceptions as where no correction is necessary, there ought to be conformity in the letter also; but a deviation in the letter alone, if the substance be unaffected, will not vitiate.

2. The judge having inserted a marginal note in the bill of exceptions now under consideration, that note became a part of the

bill of exceptions, the same being the means adopted by him to make it conform to the truth; but this did not render necessary or proper the interlineation in the certificate of the words, "as changed, modified and amended by marginal note." These words, however, did not vary or modify the substantial meaning of the statutory certificate; they should therefore be regarded as surplusage, and the judge will not be constrained by *mandamus* to certify in the exact language of the statute.

January 27, 1894.

Application for *mandamus.*

OWENS JOHNSON, for movants.    F. H. HARRIS, *contra.*

LUMPKIN, Justice.

The bill of exceptions was not certified within thirty days from the date of the decision complained of, which was the overruling of a motion for a new trial. In a separate certificate, however, the judge states facts explaining the delay, which would probably be sufficient to make the certificate in time. It also appeared that the application for the writ of *mandamus* was not presented to this court on or before the third day of the term after the refusal of the judge to sign the certificate as presented, and the point was made that, under the 29th rule of court, the application came too late. Passing by the questions thus made as being really immaterial to a decision of the application for a *mandamus* upon its merits, we will undertake to show that, under the facts of the present case, a *mandamus* absolute should be denied. It appears from the petition for a *mandamus nisi*, that when the bill of exceptions was first presented to the judge, he was unwilling to certify it because, in some respects, it was inaccurate. There being no blank space, either upon the margin or elsewhere, upon which the necessary corrections could be made, he returned the bill of exceptions to counsel for the plaintiff in error, stating his objections, and also setting forth what should be inserted to make it conform to the truth, giving counsel the option either to rewrite

the bill of exceptions and make the changes pointed out, or else to copy and return it as it originally stood, but leaving space in which the judge could himself make the needful alterations. The latter alternative was adopted, and accordingly the judge, by a lengthy marginal note, qualified the statements contained in the bill of exceptions, and thus corrected it. The certificate which counsel had prepared was in the statutory form. The judge signed it, after making an interlineation which caused it to read as follows: "I do certify that the foregoing bill of exceptions is true, *as changed, modified and amended by marginal note,*" etc. The object of the petition for *mandamus* was to compel the judge to sign the certificate with the interlineation omitted.

To be sufficient as a writ of error, the certificate to a bill of exceptions must conform, in substance, to that prescribed by the act of November 11th, 1889; and as under the terms of that act the certificate is to be the same as well where the judge has corrected the bill of exceptions as where no correction is necessary, there ought to be conformity in the letter also. Indeed, we have been at a loss to understand why, under the plain and unequivocal requirements of the Supreme Court practice act, there should ever have been any disposition either on the part of judges or of counsel to make any variation whatever from the form of certificate which that act declares shall be used in all cases. We have had constant occasion to be surprised that there should be any doubt or difficulty in a matter which the statute makes so perfectly simple and plain. Notwithstanding the absolute clearness of the law, however, many able judges and learned lawyers have seen proper, for one reason or another, to change and modify the statutory certificate. In some instances, the deviation has been fatal, and we have been compelled to hold that the certificate, as changed, was not a legal writ of error.

In *Parker et al.* v. *Walker et al.*, passed on at the March term, 1891, of this court, but of which no report was made, the writ of error was dismissed on account of interlineations made by the judge in the certificate, the effect of which was to put the certificate in such form that it did not state positively that the bill of exceptions was true, or that it specified all of the record material to a clear understanding of the errors complained of, and moreover, directed the clerk to send up as a part of the record certain papers which were not even specified in the bill of exceptions. All this will readily appear from a glance at the certificate itself, a copy of which is as follows, the interlineations being indicated by italics:

"I do certify that the foregoing bill of exceptions is true, *with the qualification that the answer of justice and agreement of counsel speaks for themselves*, and specifies all of the evidence, and specifies all of the record material to a clear understanding of the errors complained of, *except the petition for certiorari, and the written agreement of said parties in full;* and the clerk of the court of——— county is hereby ordered to make out a complete copy of such parts of the records in said case as are in this bill of exceptions specified, *including petition for certiorari and said agreements*, and certify the same as such, and cause the same to be transmitted to the October term of the Supreme Court, that the errors that are alleged to have been committed may be considered and corrected."

Again, in *Pendley et al.* v. *The State*, 87 *Ga.* 186, which was brought up after the passage of the act of 1889, the certificate was in the old form prescribed by section 4252 of the code, and therefore, as pointed out by Chief Justice BLECKLEY, was fatally defective because of its failure, in two material particulars, to comply with the certificate prescribed by that act. It will be noted, however, that on pages 187–8, the Chief Justice said, "If the certificate does not substantially comply with the requirements of the statute, there is no writ of error at

all," thus clearly intimating that a substantial compliance would be sufficient. In that case it was also ruled that where the judge signed a certificate not authorized by law, it might be treated as no certificate, following, in this particular, *Anderson* v. *Faw et al.*, 79 *Ga.* 558.

In *Rogers et al.* v. *Roberts, judge*, 88 *Ga.* 150, it was ruled that: "After a judge has corrected, signed and certified a bill of exceptions, having interlined in the certificate a reference to the corrections made by him, and the plaintiff in error has served and filed the bill of exceptions thus certified, and caused it, together with the record, to be transmitted to this court, thereby recognizing and adopting such bill of exceptions as sufficient, it is too late to apply to this court for a *mandamus* to compel the judge to omit the corrections he had made in the bill of exceptions as originally presented to him, and sign another certificate free from such interlineation." In that case, however, no question was made or passed upon as to the effect of the interlineation in the certificate, and this court did not decide whether or not, because of the interlineation, a fatal or substantial variation was made from the certificate required by law.

In *Gresham* v. *Turner, Ib.* 160, it will be seen from the brief statement following the head-notes that the judge's certificate did not state unequivocally "that the bill of exceptions is true, and specifies all of the evidence, and specifies all of the record material to a clear understanding of the errors complained of." On the contrary, the statement contained in the words just quoted was expressly qualified by exceptions which the judge inserted in the certificate. It was also true in that case that, in the certificate, the judge ordered the clerk to send up parts of the record not specified in the bill of exceptions. An inspection of this certificate shows clearly that it was fatally defective. In the second head-note, after setting forth what the act of 1889 directs as to the duty

of the judge in changing the bill of exceptions, when necessary, so as to make it conform to the truth, the following words were used: "The needful changes are to be made in the bill of exceptions, but no change in the certificate is allowable." This language must be understood with reference to the facts of the case then under consideration, and the phrase, "no change in the certificate is allowable," will thus be understood as meaning, no substantial change, or change which in any material respect causes the certificate, as to its meaning and effect, to differ from the certificate prescribed by statute. This court has never held that it was absolutely essential to copy literally the certificate set forth in the act. It would be absurd to say that every "i" must be dotted, and every "t" crossed, or that any slight change in the wording of the statutory certificate which did not in the least degree vary its sense or meaning would be cause for dismissal. It was not supposed that the case of *Gresham* v. *Turner, supra,* would be understood as going to this extent. All that the court meant to say was, that there should be no change in the statutory form of the certificate which would substantially alter its terms. It is easy, however, to copy that certificate accurately; and as it is by no means always easy to determine whether the variation will be fatal or not, we therefore urgently advise that trial judges and counsel for plaintiffs in error adhere strictly to the words prescribed in the act. There is no occasion for any deviation from this course, and by pursuing it, counsel will be spared much trouble and anxiety in resisting motions to dismiss, and this court will be relieved of a great deal of unnecessary labor.

When the application in the present case was presented on December 2d, 1893, we granted a *mandamus nisi* without giving the matter thorough consideration. Upon the hearing for a *mandamus* absolute, we have

given the question presented a careful and deliberate examination, and have reached the conclusion that the *mandamus* absolute should be denied. While it was unnecessary and improper to insert in the certificate the words, "as changed, modified and amended by marginal note," so doing did not change or vary the substantial meaning of the statutory certificate. Counsel for the plaintiffs in error should, therefore, have treated them as mere surplusage, and accepted the certificate as it was. Had this been done, the case would have been heard in this court upon its merits.

As will have been seen, the *mandamus nisi* was granted before the passage of the act of December 18th, 1893, "to regulate the practice before the Supreme Court," etc. (Acts 1893, p. 52.) Our attention was not called to this act before this opinion was written, and it was therefore prepared without reference to said act.

*Writ of mandamus absolute denied.*