## ALLISON & DAVIS *v.* JOWERS.

It appearing that on the 28th day of September, 1893, the court directed a verdict in favor of the plaintiff below ; that the term of the superior court at which this was done finally adjourned on the 3d day of November thereafter ; that before such final adjournment, counsel for plaintiff in error, on October 21st, tendered the presiding judge a bill of exceptions, which the judge was unwilling to certify because of errors and inaccuracies therein ; that the judge kept this bill of exceptions until November 11th, and then returned it to the counsel with a statement in writing of his objections to the same ; and that subsequently another bill of exceptions was certified by the judge on the 27th day of January, 1894, more than sixty days after the date of the decision complained of, and more than thirty days (indeed, more than seventy days) after the first bill of exceptions was returned by the judge to counsel for plaintiff in error; and it not appearing on what day this last bill of exceptions was tendered to the judge, the writ of error must be dismissed, it not having been certified within the time prescribed by law, and no sufficient reason for the delay appearing. In the absence of an affirmative statement that the bill of exceptions was tendered to the judge at a different time, the legal presumption is that it was tendered at the time the certificate to it bears date.

August 20, 1894.

Practice in Supreme Court.

J. H. Martin and E. H. Williams, for plaintiffs in error.   E. D. Graham, by brief, *contra.*

Lumpkin, Justice.

The material facts appear in the head-note.   Under section 4257 of the code, which is still of force, notwithstanding the passage of the Supreme Court practice act of 1889, if the judge is unwilling to sign the bill of ex-

ceptions as tendered to him, he may, in case he does not see fit to make the needful corrections, return the same, within ten days, with his objections in writing. The section is silent as to the length of time 'the party to whom it is returned, or his attorney, will be.allowed to remove the judge's objections and tender a corrected bill of exceptions; but he certainly should not be allowed for this purpose (in the absence of some good reason for delay) longer than thirty days. In this case more than seventy days elapsed after the first bill of exceptions was returned by the judge to counsel for the plaintiff in error. In arriving at this conclusion, we assume that the bill of exceptions brought to this court was tendered to the judge on the day it was certified, there being nothing to show it was tendered at an earlier or different time. No reason whatever appears, or was suggested, for delaying so long after the judge had declined to sign the first bill of exceptions, to tender the second. We have no hesitation in deciding that the latter was tendered too late. See *Joseph* v. *E. T., V. & G. Ry. Co.*, 92 *Ga.* 332, 18 S. E. Rep. 294; *Pusey* v. *Sweat, judge*, 92 *Ga.* 809, 19 S. E. Rep. 816.

*Writ of error dismissed.*