## PARKMAN v. DENT, for use, etc.

Where a bill of exceptions was on May 6, 1898, returned by the judge to the plaintiff in error for correction, and the same was not finally presented for the certificate of the judge until September 3, 1898, the delay was unreasonable and inexcusable, and the writ of error should be dismissed.

Submitted October 30, — Decided November 29, 1899.

Motion to dismiss writ of error.

*C. J. Thornton*, for plaintiff in error.
*Brannon, Hatcher & Martin*, contra.

LEWIS, J.  It appears from the record that plaintiff in error tendered a bill of exceptions to the judge within the time required by law, but the judge returned the same to his counsel for correction on May 6, 1898.  It further appears that the defect in the bill of exceptions as first presented consisted in an omission therefrom of certain documentary evidence, the original of which was on file in the clerk's office.  After counsel for plaintiff in error was returned the bill of exceptions for correction, he complained to the court that he was unable to obtain the record necessary to make the correction from the clerk, and the court passed an order at once requiring the clerk to deliver the necessary record.  This was sent to the court on August 18, 1898, turned over to counsel for plaintiff in error on that day, and the bill of exceptions, properly corrected, was presented to the judge on September 3, 1898.  The record discloses no reason whatever for this delay of over four months after the adjournment of court before a correct bill of exceptions was presented to the judge for his certificate.  It seems that an original paper which belonged on file in the clerk's office had been introduced in evidence on the trial.  When the clerk refused to allow this original to be taken from his office, it was certainly in the power of the plaintiff in error to have procured a copy thereof, and, with that, supplied the defect in his bill of exceptions.  The record fails to disclose how long it was after the bill was returned to him by the judge before he applied for an order requiring the clerk to deliver up the original document.  No reason whatever is presented why it was

necessary for him to have a period of four months for this purpose. It was the duty of counsel, under the law, to tender the judge a correct bill of exceptions to the rulings complained of in this case, within thirty days from the adjournment of the court. There is a failure to meet the requirements of the statute. If, in any event, counsel tendering a bill of exceptions can ever be allowed any greater length of time for correcting the same than that given him by statute for presenting it in the first instance, it should appear that the delay was occasioned by imperative necessity. In the case of *Joseph* v. *Ry. Co.*, 92 *Ga.* 332, where a bill of exceptions was handed back to counsel by the judge on August 18th for correction, and the counsel did not tender a correct bill until November 22d, it was held that "the delay was inexcusable and unreasonable, the same, so far as appears, not having been occasioned by providential cause." See also the case of *Allison* v. *Jowers*, 94 *Ga.* 335, where it appeared the bill of exceptions, after being returned by the judge, was kept by counsel from November 11th until the following January 27th, a much shorter time than the delay in this case. It was there held, no sufficient reason for the delay appearing, that the bill was tendered too late. The principle announced in the cases cited necessarily controls the judgment in this case, and the motion of counsel for defendant in error to dismiss the bill of exceptions is accordingly sustained.

*Writ of error dismissed. All the Justices concurring.*