WALKER *et al. v.* WOOD, administrator, *et al.*

1. Where a bill of exceptions is returned to counsel for correction and alteration, it should be retendered to the judge in its corrected form within a reasonable time ; and where, in a given case, counsel delayed retendering the bill of exceptions for fifty-five days after the same was returned to him, the writ of error will be dismissed, unless it appears that the delay was occasioned solely by providential cause or imperative necessity.

2. While in the present case it does appear that the leading counsel in the case was prevented by providential cause from attending to the matter of correcting and retendering the bill of exceptions, no reason is given why his asso-

ciate, who appeared at every important stage of the case and who was alone present at the time the final decree was rendered, could not have made the corrections and changes indicated by the judge in less than the time referred to in the preceding note ; it appearing that the associate counsel tendered (and presumably prepared) the original bill of exceptions within three days after the final decree.

Argued February 22,—Decided March 3, 1904.

Motion to dismiss the writ of error.

*R. O. Lovett* and *W. W. Haden,* for plaintiffs.

*John L. Hopkins & Sons* and *Frazer & Hynds,* for defendants.

COBB, J.    The final decree was rendered on January 28, 1903. The bill of exceptions was tendered on January 31.    The judge was about to leave the State, and did not examine the same until his return on March 1, when upon an examination he found that the bill of exceptions was not true, notified counsel to this effect, and set the matter for a hearing on March 4, under the provisions of the Civil Code, § 5545.    On that day Mr. Haden, who was leading counsel for the plaintiffs in error, and Judge Lovett, who was associated with him, were present, together with counsel for the defendants in error.    The judge called the attention of counsel to certain corrections, alterations, and additions that he thought should be made in the bill of exceptions in order to make it speak the truth, and returned it to counsel for the plaintiffs in error on the day last named.    The corrected bill of exceptions was not tendered to the judge until April 29.    It appears that between the dates last mentioned Mr. Haden had serious and long-continued illness in his family.    It also appears that, while Mr. Haden was leading counsel in the case, Judge Lovett prepared the original bill of exceptions, that he appeared with Mr. Haden at different stages of the case, and that at the time of the entering of the final decree he appeared alone.    It further appears that the bill of exceptions as finally tendered and certified was the same as the one originally tendered, with the exception of the changes and corrections and the addition of several pages of new matter which the judge had required to be embodied in the bill of exceptions. It is now contended that the delay in conforming to the judge's requirements and retendering the bill of exceptions was unreasonable, and that the writ of error should be dismissed, because the judge had no authority to certify the bill of exceptions at the time

the same was retendered to him. The law does not prescribe any time within which a bill of exceptions shall be corrected and re-tendered when it has been returned by the judge as untrue. See Civil Code, § 5545. In *Joseph* v. *Railway Company*, 92 *Ga.* 332, it was held that ninety-four days was an unreasonable length of time to wait before making the corrections required by the judge. In *Allison* v. *Jowers*, 94 *Ga.* 335, it was held that seventy-seven days was an unreasonable length of time; and Mr. Justice Lumpkin said: "The section is silent as to the length of time the party to whom it is returned, or his attorney, will be allowed to remove the judge's objections and tender a corrected bill of exceptions; but he certainly should not be allowed for this purpose (in the absence of some good reason for delay) longer than thirty days." In *Parkman* v. *Dent*, 109 *Ga.* 289, it was held that one hundred and twenty days was an unreasonable length of time; and Mr. Justice Lewis said:  "If, in any event, counsel tendering a bill of exceptions can ever be allowed any greater length of time for correcting the same than that given by statute for presenting it in the first instance, it should appear that the delay was occasioned by imperative necessity." In *Sutton* v. *Valdosta Guano Company*, 115 *Ga.* 794, it was held that seven months was an unreasonable length of time; it not appearing that the delay was occasioned " by providential cause."

When we take into consideration the fact that the original bill of exceptions was presented three days after the final decree was entered, and presumably must have been prepared within that time, we can not escape the conclusion that the delay of fifty-five days in making the corrections in the bill of exceptions was so unreasonable as that the judge would by this delay be deprived of all authority to certify the bill of exceptions, unless it is made to appear that this delay was due either to providential cause or imperative necessity. Let it be conceded as established that there was operating during the entire fifty-five days such providential cause as would have prevented Mr. Haden from participating in any way in the matter: no reason appears why the bill of exceptions could not have been corrected by his associate, Judge Lovett. It appears that Judge Lovett prepared the original bill of exceptions, and, while Mr. Haden was the leading counsel in the case, Judge Lovett seems to have appeared at all important

stages of the case and participated actively as counsel in the matter, appearing alone at the time the final decree was entered. The record discloses absolutely no reason why the matter of making the corrections and changes and adding the necessary new matter should not have been done by Judge Lovett in the absence of Mr. Haden. The act of 1896 (Acts 1896, p. 45, Van .Epps' Code Supp. § 6246) has no application to the present case. That act deals only with the subject of the delay of the judge in certifying the bill of exceptions, and not with the delay of counsel in tendering the same, either in the first instance or after it has been returned for correction. We do not think that the case presented is one where the delay was occasioned by either providential cause or imperative necessity ; and the writ of error must be

*Dismissed. All the Justices concur, except Simmons, C. J., absent.*