## ATKINS et al. v. WINTER et al.

1. It is essential to the validity of a bill of exceptions that it shall show on its face that it was signed in due time.
2. A defective bill of exceptions can not be aided by extrinsic evidence, and this court, therefore, can not consider an affidavit setting up reasons why a corrected bill of exceptions was not presented until the return of the judge to the county where the trial was had.
3. The Civil Code, § 5545, not expressly stating the length of time allowed for correcting and presenting the changed bill of exceptions, must be construed to mean that the plaintiff is to have a reasonable time in which to act.
4. What is such reasonable time should be determined as matter of law, and not as matter of fact depending upon the convenience of parties, the regularity of the mails, or the means of transportation to the residence of the judge, since the same would necessitate the hearing of testimony, and a trial to determine whether the trial here should proceed.
5. When the bill is returned for correction, a new starting point is fixed. What is a reasonable time for making the corrections is, therefore, independent of the length of time allowed for the presentation of the original bill of exceptions.
6. Since, in the nature of the case, it ought to require less time to correct than in the first instance to prepare an entire bill of exceptions, it is both liberal and reasonable, by analogy, to fix twenty days for the correction and return of the bill of exceptions, the same being a period deemed

sufficient by the law for the preparation of bills of exceptions in injunction cases, which are among the most voluminous provided for by statute.
7. In the present case the delay of thirty-eight days was unreasonable.

Argued October 4, — Decided October 17, 1904.

Motion to dismiss the writ of error.

On January 26, 1904, the bill of exceptions was tendered to the judge, who, in his certificate, states that it " was by me on the 28th day of January, 1904, returned to counsel for plaintiff in error for correction, suggesting that the corrections be made after conference with the counsel on the other side, and is now presented to me in its corrected form for certificate. This 9th day of March, 1904." The defendant in error moved to dismiss the writ of error, because the corrected bill of exceptions was not presented within thirty days after the original was returned by the judge.

*F. W. Capers* and *H. S. Jones,* for plaintiffs in error.
*Hamilton Phinizy,* contra.

LAMAR, J. The office of the bill of exceptions is not only to verify the recitals, but to authenticate itself, and to show all facts, including the signature within the proper time, needed to give this court jurisdiction. A defective bill of exceptions can not be aided by extrinsic evidence, except in cases expressly provided for by statute. We therefore can not consider the affidavit setting up reasons why the plaintiff in error waited until the return of the judge to the county before presenting the corrected bill of exceptions for signature. Nor does the fact that the order required him to confer with counsel on the opposite side, by itself, illustrate the question as to whether it was presented within a reasonable time. There is nowhere in the record anything which intimates that the delay was caused by the act or omission of the opposite counsel. Nor did the fact that there was to be a conference relieve the plaintiff in error from the duty of exercising diligence. For if there has been any such reason for delay, or if the judge sees proper to hear evidence, or if there is other good reason for delay in presenting the corrected bill for authentication, then the fact relied on as an excuse must itself be verified by the trial judge. If such fact is necessary to sustain the bill of exceptions, it must appear therein and as a part thereof.

Was the delay of thirty-eight days unreasonable? It is manifest that the rule in this class of cases should not be variable; nor should it depend upon the hearing of evidence and consideration of the convenience of parties, the regularity of the mails, or the means of transportation to the residence of the judge. The recognition of any such elements as affecting the question would inevitably lead to the necessity of taking testimony, of passing upon disputed questions of fact, and of first having a trial, to determine whether this court could try the case. What is a reasonable time, therefore, should be settled as matter of law rather than as matter of fact. The silence of the Civil Code, § 5545, can not be construed as giving the plaintiff an indefinite time, nor on the other hand would it justify the courts in holding that the bill must be immediately corrected and at once returned. This silence of the statute must be referred to that general principle which in all such cases allows a reasonable time for the performance of the required act. The return by the judge to the plaintiff in error fixes a new starting point. Prima facie it should take no longer to correct one class of bills of exceptions than another. In the nature of things it ought to require less time to strike out improper matter or to supply omissions than is ever needed to prepare an entire bill of exceptions. By analogy (compare *Candler* v. *Clarke*, 90 *Ga.* 550 (3)) it would seem both liberal and reasonable to limit the time to twenty days, a period deemed by the law long enough to prepare and present bills of exception in injunction cases, which often are among the most voluminous submitted to this court for consideration. At any rate, it is safe to say that thirty-eight days was an unreasonable delay. In fact it was said in *Allison* v. *Jowers*, 94 *Ga.* 336, that in the absence of some good reason for the delay, the plaintiff in error certainly should not be allowed longer than thirty days. The bill of exceptions must therefore be

　　　　　　　　　　*Dismissed. All the Justices concur.*