MEADOR, trustee, for use, etc., *v.* CALLICOTT *et al.*

1. Where a bill of exceptions, after the hearing of objections to the same before the judge, was finally agreed upon on April 15, 1907, and was on that day taken by counsel for plaintiff in error to be copied as corrected, and was not finally presented to the judge for his certificate until May 23, 1907, the delay was unreasonable, and the writ of error must be dismissed.

2. Upon a review of the case of *Atkins* v. *Winter*, 121 *Ga.* 75, the decision therein rendered is approved.

Argued November 22,—Decided November 27, 1907.

Motion to dismiss the writ of error.

In his certificate to the bill of exceptions the judge states: " This bill was tendered to me January 11, 1907. It was delivered to counsel for defendant on same date, to note their exceptions, if any. It was returned to counsel for plaintiff on Feby. 10th, by counsel for defendant, with some sixty or seventy objections, covering some eight or ten typewritten pages, noted. On April 12th, 14th, and 15th, counsel for both parties appeared and discussed the objections, and the bill of exceptions was agreed upon, and was taken by counsel for plaintiff in error to be recopied, and the bill of exceptions as recopied was presented to me to-day, May 23rd, 1907, for signature. This is part of my certificate." In this court all of the parties to the record entered into a written agreement, to the effect that the statement in the certificate that the bill of exceptions was returned by counsel for defendant in error to counsel for plaintiff in error on February 10th is erroneous; that the true date of such return is February 26, 1907. Counsel for defendants in error moved to dismiss the writ of error, on several grounds, among them the following: "5. . . (*b*) because plaintiff in error did not promptly correct and return said bill of exceptions to the court for its signature, but on the contrary withheld the same for a period of more than sixty days after having notice of the errors and needed corrections therein, which said time constitutes an unreasonable time in law; (*c*) because it appears that plaintiff in error withheld the said bill of exceptions from February 10th, 1907, until May 23rd, 1907, a period of more than seventy days, before returning the same to the court to be certified, which said time constitutes an unreasonable time in law; (*d*) that it appears that, after said bill of ex-

cceptions had been finally agreed upon as being correct, plaintiff in error withheld the same for a period of more than thirty-eight days before presenting the same to the court for its signature, which said time constitutes an unreasonable time in law; for each and all of which reasons  .  .  the trial judge was without jurisdiction and without authority to sign and certify said bill of exceptions at the time the same purports to have been signed." It appears that the bill of exceptions covers 171 typewritten pages.

*Evins & Spence,* for plaintiff.

*Moore & Pomeroy, Payne, Jones & Jones, Tye, Peeples, Bryan & Jordan,* and *E. V. Carter,* for defendants.

FISH, C. J.  (After stating the foregoing facts.)

1.  Without considering the other grounds of the motion to dismiss the writ of error, we think, in view of the previous rulings of this court which are applicable here, there can be no question that the motion must prevail, on the ground that, after the bill of exceptions had been finally agreed upon as correct, counsel for plaintiff in error failed to retender the same to the judge within a reasonable time.  It appears, from the certificate of the judge, that the objections to the bill of exceptions, as originally presented, were discussed before him for three days by counsel for both sides; that on April 15, a bill of exceptions was finally agreed on, and that counsel for plaintiff in error took the same to have it copied as corrected and agreed upon, and did not present the bill as thus copied to the judge until May 23, thus withholding the same for thirty-eight days.  In *Atkins* v. *Winter,* 121 *Ga.* 75, it was held that thirty-eight days was an unreasonable length of time to allow counsel for plaintiff in error to remove the judge's objections and to present to him a corrected bill of exceptions. It was there said:  "Since, in the nature of the case, it ought to require less time to correct than in the first instance to prepare an entire bill of exceptions, it is both liberal and reasonable, by analogy, to fix twenty days for the correction and return of the bill of exceptions, the same being a period deemed sufficient by the law for the preparation of bills of exceptions in injunction cases, which are among the most voluminous provided for by statute." In *Allison* v. *Jowers,* 94 *Ga.* 335, it was said:  "The section [Civil Code, §5545] is silent as to the length of time the party to whom it is returned or his attorney will be allowed to

remove the judge's objections and tender a corrected bill of ex-. ceptions; but he certainly should not be allowed for this purpose (in the absence of some good reason for delay) longer than thirty days." And in *Parkman* v. *Dent*, 109 *Ga.* 289, it was said: "If, in any event, counsel tendering a bill of exceptions can ever be allowed any greater length of time for correcting the same than that given by statute for presenting it in the first instance, it should appear that the delay was occasioned by imperative necessity." See also *Walker* v. *Wood*, 119 *Ga.* 624.

2. In the argument of the motion to dismiss, *Atkins* v. *Winter* was brought under review, leave having been granted counsel for plaintiff in error for this purpose. After duly considering the ruling there made, we are thoroughly satisfied of its soundness and approve the same.

*Writ of error dismissed. All the Justices concur, except Atkinson, J., dissenting.*

LUMPKIN, J., concurring. I concur in the judgment of dismissal in this case, but I can not quite concur in all that is said in the headnotes or opinion. I think the former decisions of this court settle the proposition that an unreasonable delay in retendering a bill of exceptions to the presiding judge, after it has been returned to counsel for correction, is a ground for dismissal; and that the time allowed by the statute for preparing and tendering a bill of exceptions originally is a proper matter for consideration by this court in determining what is a reasonable time. By analogy, the law would hardly allow more time for merely correcting certain errors or mistakes in a bill of exceptions than for the purpose of preparing the bill of exceptions entirely,—certainly not unless something in the nature of a providential interference or an imperative necessity intervened, so as to make a longer time reasonable for the correction than for the preparation. In *Walker* v. *Wood*, 119 *Ga.* 624, it was said, that "Where a bill of exceptions is returned to counsel for correction and alteration, it should be retendered to the judge in its corrected form within a reasonable time; and where, in a given case, counsel delayed retendering the bill of exceptions for fifty-five days after the same was returned to him, the writ of error will be dismissed, unless it appears that the delay was occasioned solely by providential cause or imperative necessity." If nothing further appears in

the case of an ordinary "slow" writ, except that, after the return of the bill of exceptions to counsel for correction and retender, he delays making such retender for more than thirty days, by analogy to the statutory time allowed for tendering it after the rendition of the judgment, this would at least prima facie be an unreasonable delay. *Candler* v. *Clarke,* 90 *Ga.* 550 (3). Evidence outside of the record and bill of exceptions can not be heard here on the subject of reasonableness. I can well conceive of a case, however, where the judge might certify to such a state of facts as would make a delay somewhat beyond thirty days reasonable. To illustrate by an extreme case: Suppose a disaster, such as a destructive earthquake, or a fire which should sweep away a large part of a city and burn all the papers in the office of the lawyer and in the court-house touching the case, or other overmastering providential cause should occur after the return of the bill of exceptions to counsel for correction, and that this should render it impossible for counsel to make the correction and retender the bill for signature before thirty days elapsed, I should be loth to hold that there was an iron-clad, hidebound rule which would declare the delay unreasonable in such a case. In the case of *Atkins* v. *Winter,* 121 *Ga.* 75, it is said that "it is both liberal and reasonable, by analogy, to fix twenty days for the correction and return of the bill of exceptions, the same being a period deemed sufficient by the law for the preparation of bills of exceptions in injunction cases, which are among the most voluminous provided for by statute." The bill of exceptions in that case was not in an injunction case, nor did the writ of error belong to that class which are known as "fast writs." The decision was right, the delay having been for thirty-eight days. But I do not think that the analogy selected was sound. Thirty days was the time which counsel would have been allowed to tender the original bill of exceptions, not twenty days. I do not mean that in every case counsel should have the right arbitrarily to delay retendering the bill of exceptions for as long a time as was originally allowed for tendering it, but that, by analogy to the law giving time for the original tender, an equal time would be a limitation upon the reasonable time allowed for a retender, unless it appears that the delay was occasioned solely by providential cause or imperative necessity; and this should appear, not by extraneous evidence, but

from the record and the bill of exceptions themselves, or the certificate of the presiding judge to the bill of exceptions. In the present case the certificate shows that the bill of exceptions was agreed upon, with the corrections to be made thereto, on April 15th, and was returned to counsel for plaintiff in error for recopying, presumably because some of the pages contained obliterations or erasures. It was not retendered for signature for thirty-eight days thereafter. There is nothing to indicate that the delay was occasioned solely by providential cause or imperative necessity. The bill of exceptions contains 171 pages of typewritten matter. If it were copied entirely, and not merely certain pages of it, this would be 171 pages in 38 days, and, allowing five Sundays as non-working days, would make 171 pages recopied in 33 days, or slightly more than five pages a day. In the absence of anything else appearing, I must concur in the judgment holding that the retender was not made in a reasonable time.

I am authorized to state that Mr. Justice Holden concurs with me in the views herein expressed.