## Whitley v. Kelly.

Holden, J. In the certificate to the bill of exceptions, dated January 10, 1911, appears the following: "I certify that the original bill of exceptions in this case was tendered to me on October 22nd, 1909; that I sent it to plaintiff's counsel by mail November 9th, 1909, when it was returned to me by plaintiff's counsel on November 10th, 1909, with a statement of their objections to it; and that, counsel disagreeing as to what changes should be made in the bill of exceptions, I informed them that a date would be fixed for a meeting with them for the purpose of going over the bill. For one cause and another this meeting was not held until the 14th of December last, when a corrected bill of exceptions was agreed upon by counsel for each side, and by consent of plaintiff's counsel defendant's counsel took the corrections to be incorporated in a corrected bill of exceptions, and to be submitted to counsel for the plaintiff after this was done. On January 3rd I was informed by plaintiff's counsel that this had been done, and on the 4th I received from defendant's counsel the corrected bill. The delay in signing the bill was due to my purpose and desire to get counsel of the parties together and agree to the contents of the bill of exceptions." *Held*, under the facts stated, the motion to dismiss the writ of error must be sustained, in view of the fact that the bill of exceptions of 20 pages was not returned to the presiding judge within a reasonable time after the meeting referred to in the certificate, when the corrections proper to be made in the bill of exceptions were agreed upon by counsel for plaintiff and defendant, and counsel for plaintiff in error "took the corrections to be incorporated in a corrected bill of exceptions, and to be submitted to counsel for the plaintiff after this was done," it not appearing from the certificate that the delay was occasioned by providential cause or imperative necessity. *Sutton v. Valdosta Guano Co., 115 Ga. 794* (42 S. E. 94).

*Writ of error dismissed. Beck, J., absent. The other Justices concur.*

SEPTEMBER 23, 1911.

Intervention; from Douglas. Motion to dismiss writ of error.

*J. S. James,* for plaintiff in error. *Anderson, Felder, Rountree & Wilson* and *George P. Whitman,* contra.