## MULLING v. EXCHANGE BANK OF WAYCROSS.

FISH, C. J. 1. Where a bill of exceptions appears to have been signed by the trial judge on a given date, and contains no affirmative statement that it was tendered at a different date, the legal presumption is that it was tendered on the date of the certificate. *Allison & Davis* v. *Jowers*, 94 *Ga.* 335 (21 S. E. 570).

2. A bill of exceptions, having been tendered the trial judge for his certificate on a given date, was returned by him to counsel for plaintiff in error for correction, and was certified at a date 50 days later. In the absence of any statement in the certificate as to the cause of the delay, it must be held that such delay was unreasonable, and that therefore the bill of exceptions must be dismissed. *Atkins* v. *Winter*, 121 *Ga.* 75 (48 S. E. 717); *Dykes* v. *Brock*, 128 *Ga.* 395 (57 S. E. 700); *Meador* v. *Callicott*, 129 *Ga.* 631 (60 S. E. 863).

*Writ of error dismissed. All the Justices concur, except Hill, J., not presiding.*

JANUARY 12, 1912.

Equitable petition; from Tattnall superior court.

*Way & Burkhalter*, for plaintiff in error.

*Wilson, Bennett & Lambdin* and *John C. McDonald*, contra.