HAYES *et al.* v. CHAPMAN *et al.*

PER CURIAM.   The bill of exceptions recites the tender in evidence of "a mortgage execution," which recital is followed by setting out in full a mortgage execution, an entry of levy by the sheriff, the verdict of the jury, and the judgment of the court based on the verdict, followed by the words: "which was objected to by the defendants upon the ground that the descriptions of the lands therein named was too vague and indefinite, and was void for indefiniteness, and because same contained attorney's fees, and was illegal because it contained said attorney's fees, and because the description does not show to be the lands described in the petition and in controversy, which said objections were overruled by the court, and said papers with all the entries thereon were put in evidence." Around certain of the above-quoted words were pencil lines, and on the margin of the page is the following: "Note by court: Counsel for plaintiff in error insists that objections appearing in pencil marks on this page were made. Opposing counsel insists they were not. I recall the objection as to atty's fees, and that same was held good, and the atty's fees written off; but I can not recall the other objections having been made (although they may have been), and these are accordingly not certified." At the conclusion of the judge's certificate of the bill of exceptions as a whole, which is in the usual form, the following is added before the signature of the court: "This bill of exceptions was presented on March 21st, and on same date returned to counsel for plaintiff in error to correct certain objections made by counsel for defendants in error. It was returned to me by counsel for pltff.

40

in error on April 28th, and retained until this date for purposes of correction. This May 7th, 1917." *Held:*

1. This court has no jurisdiction to review a case where there is no legal bill of exceptions. The certificate of the trial court does not contain an unqualified statement that the bill of exceptions is true, it being qualified by a marginal note. *Pusey* v. *Sweat*, 92 *Ga.* 809 (2) (19 S. E. 816) ; *Sanges* v. *State*, 110 *Ga.* 260 (34 S. E. 327) ; *McCullough Export &c. Co.* v. *National Bank*, 111 *Ga.* 132 (36 S. E. 465) ; *Swafford* v. *Keaton*, ante, 491 (94 S. E. 568).

2. When returned by the judge for correction, the bill of exceptions was retained an unreasonable time by counsel for the plaintiffs in error. *Allison* v. *Jowers*, 94 *Ga.* 335 (21 S. E. 570) ; *Meador* v. *Callicott*, 129 *Ga.* 631 (60 S. E. 863) ; *Kent* v. *Geiger*, 138 *Ga.* 248 (75 S. E. 104).

Writ of error dismissed. All the Justices concur.

No. 379.  FEBRUARY 13, 1918.

Writ of error; from Jeff Davis.  Motion to dismiss.

*P. L. Smith* and *S. D. Dell,* for plaintiffs in error.

*Gordon Knox* and *J. C. Bennett,* contra.