## 10971. PAPPA v. POPE.

A case was tried on August 5, and the court adjourned on August 8. A bill of exceptions was tendered to the judge on September 6, and on that day mailed by him to the attorney for the plaintiff in error, for correction. It was not returned to the judge until September 27. The certificate of the judge does not show any reason for the delay in again tendering the bill of exceptions for certification. *Held*, that the writ of error must be dismissed.

DECIDED APRIL 14, 1920. REHEARING DENIED MAY 11, 1920.

Action on contract; from Wilkes superior court — Judge Walker. August 5, 1919.

Application for certiorari was denied by the Supreme Court.

*S. H. Sibley, W. A. Slaton, Callaway & Howard,* for plaintiff.
*W. Carroll Latimer, R. C. Norman,* for defendant.

BLOODWORTH, J. This case was tried at the August term, 1919, of court. The bill of exceptions recites: "And now comes the plaintiff in the time required by law and tenders to the court this bill of exceptions, and prays that the same may be signed and certified, that the errors complained of may be reviewed and corrected. This the 5th day of September, 1919." Acting under the Civil Code of 1910, § 6158, the trial judge, on September 6, 1919, endorsed on the bill of exceptions his objections thereto, and returned it to the attorney for the plaintiff in error. (The contention of counsel for the plaintiff in error, that this is a "second certificate" by the judge to the bill of exceptions is without merit. This entry was made on the bill of exceptions more than twenty days before the certificate thereto, and can not be an "additional certificate," within the meaning of those decisions which hold, in effect, that an additional certificate following the one required by statute should be ignored.) A motion to dismiss the writ of error was made on two grounds, as follows: "1. For that it appears from the record that the bill of exceptions was not presented to and certified by the court below in the time required by law, for that it appears upon the record that Wilkes superior court adjourned on August 8th, 1919, and that the bill of exceptions was not presented to and certified by the trial judge until September 27th, 1919, more than 30 days thereafter. 2. For that it appears from the record that the bill of exceptions was presented to the trial judge on September 6th, 1919, when it was returned to

counsel for plaintiff in error for correction, and that counsel for plaintiff in error did not re-present the bill of exceptions to the trial judge within a reasonable time, as required under section 6158 of the Code of Georgia, for that the same was not presented again to the trial judge for certificate until September 27th, 1919, and there appears no reason set out justifying this delay."

In his written response to this motion to dismiss the writ of error, the plaintiff in error admits that the judge returned to him the bill of exceptions, with the judge's objections entered thereon, and that he received it on September 9, and he alleges: that he was not able to get the attorneys representing the defendant in error to correct the bill of exceptions, and could not get the official transcript thereof from the reporter, although he made repeated efforts to do so; that on September 13 he left Georgia for Baltimore, and, returning therefrom, he reached his home on the afternoon of the 21st; that on the 23d he was compelled to go to Atlanta to argue a case before the railroad commission, and, returning, reached home on the afternoon of the 25th; that a part of the transcript was mailed to him by the stenographer on the 18th, and he received the remainder on the 25th, and that "within 24 hours of the actual receipt by him of said record [he] had mailed to Judge Walker a completed bill of exceptions."

The first of the above grounds of the motion to dismiss the writ of error is based on § 6187 of the Civil Code of 1910. This section "deals only with the subject of the delay of the judge in certifying the bill of exceptions, and not with the delay of counsel in tendering the same either in the first instance or after it had been returned for correction." *Walker* v. *Wood,* 119 *Ga.* 627 (46 S. E. 870). If this ground stood alone, and the record did not show that the bill of exceptions had been returned by the judge to the movant's counsel for correction, under repeated rulings of this and the Supreme Court it would be our duty to overrule the motion to dismiss the writ of error. *Thompson* v. *Stephens,* 138 *Ga.* 205 (75 S. E. 136); *Hartley* v. *Marietta Nursery Co.,* 138 *Ga.* 736 (76 S. E. 39); *Castleberry* v. *Parrish,* 135 *Ga.* 527 (1) (69 S. E. 817); *Clarke* v. *Allen,* 19 *Ga. App.* 653 (91 S. E. 1049), and cit.

The second ground of the motion to dismiss the writ of error is based on § 6158 of the Civil Code of 1910, and presents an entirely different question. This section is as follows: "If the judge shall

determine that the bill of exceptions is not true, or does not contain all the necessary facts, he shall return the same, within ten days, to the party or his attorney, with his objections to the same in writing. If those objections are met and removed, *the judge may then certify, specifying in his certificate the cause of the delay.* If the judge sees proper, he may order notice to the opposite party of the fact and time of tendering the exceptions, and may hear evidence as to the truth thereof." (Italics ours.) The judge in his certificate to the bill of exceptions has not complied with this positive requirement of the law. That he should do so is imperative. In *Dykes* v. *Brock,* 128 *Ga.* 396 (57 S. E. 700), the Supreme Court says: " The fact that the brief of the evidence was not correct was a sufficient reason for the judge to refuse to certify the bill of exceptions, and it was incumbent upon counsel to cause the corrections to be made in the brief of evidence, with due diligence. The corrected brief of the evidence was not presented to the judge until May 29th, which was eighty-three days after the court had adjourned and fifty-four days after counsel had been notified that the brief was incorrect and that the judge would not sign the bill of exceptions, for this reason. The law requires that if a bill of exceptions is presented within due time, a mere failure on the part of the judge to sign the same within the time prescribed by law shall be no cause for a dismissal of the bill of exceptions, unless it should appear that the failure to sign and certify the same was caused by some act of the plaintiff in error or his counsel. Acts of 1896, p. 45; Van Epps Code Supp. § 6246 [Civil Code of 1910, § 6187]. When counsel for the plaintiff in error were notified by the judge that the brief of the evidence was incorrect, they should, within a reasonable time, have made the corrections necessary and presented the corrected brief to the judge. While the brief of the evidence was not, in the present case, a part of the bill of exceptions, it was tendered for the purpose of approval, in order that it might be incorporated in the record. A correct brief of the evidence was indispensable in the case, for the assignment of error therein could not be decided, unless the evidence came before the Supreme Court in one of the ways prescribed by law. The case, therefore, is to be determined in exactly the same way as if the evidence had been incorporated in the bill of exceptions, and was, for some reason, incorrect, and the bill of exceptions had been returned to counsel for correction. When it

appears that the corrected brief of the evidence was not presented until fifty-four days after the attention of counsel was called to the fact that the brief, as presented, was incorrect, it must be held that the correct brief was not presented within a reasonable time. *Walker* v. *Wood*, 119 *Ga.* 624; *Atkins* v. *Winter*, 121 *Ga.* 75. When counsel for the plaintiff in error delay for an unreasonable time the making of corrections in the bill of exceptions or the brief of the evidence, required by the judge as a condition precedent to certifying the bill of exceptions, the bill of exceptions will be dismissed, unless it *affirmatively appears that the delay was caused solely by providential cause or imperative necessity.* (Italics ours.) The mere failure or refusal of the official stenographer to furnish a transcript of the notes of the evidence taken at the trial is neither providential cause nor imperative necessity. See, in this connection, *Lambert Hoisting Engine Co.* v. *Bray*, 127 *Ga.* 452, and cases cited in division 2 of the opinion. *The reason for the delay must appear in the certificate of the judge* (italics ours), and this court will not hear evidence by affidavits as to the matter."

In *Atkins* v. *Winter*, 121 *Ga.* 76 (48 S. E. 717), it was held that that " if there is no good reason for delay in presenting the corrected bill for authentication, then the fact relied on as an excuse must itself be verified by the trial judge." The headnotes in that case are as follows: " 1. It is essential to the validity of a bill of exceptions that it shall show on its face that it was signed in due time. 2. A defective bill of exceptions can not be aided by extrinsic evidence, and this court, therefore, can not consider an affidavit setting up reasons why a corrected bill of exceptions was not presented until the return of the judge to the county where the trial was had. 3. The Civil Code [1895], § 5545, not expressly stating the length of time allowed for correcting and presenting the changed bill of exceptions, must be construed to mean that the plaintiff is to have a reasonable time in which to act. 4. What is such reasonable time should be determined as matter of law, and not as matter of fact depending upon the convenience of parties, the regularity of the mails, or the means of transportation to the residence of the judge, since the same would necessitate the hearing of testimony, and a trial to determine whether the trial here should proceed. 5. *When the bill is returned for correction, a new starting point is fixed.* [Italics ours]. What is a reasonable time for making the correc-

tions is, therefore, independent of the length of time allowed for the presentation of the original bill of exceptions. 6. Since, in the nature of the case, it ought to require less time to correct than in the first instance to prepare an entire bill of exceptions, *it is both liberal and reasonable, by analogy, to fix twenty days for the correction and return of the bill of exceptions* [italics ours], the same being a period deemed sufficient by the law for the preparation of bills of exceptions in injunction cases, which are among the most voluminous provided for by statute." In *Meador* v. *Callicott*, 129 *Ga.* 631 (60 S. E. 863), the decision in the case of *Atkins* v. *Winter*, supra, was reviewed by the Supreme Court, and that court said: "After duly considering the ruling there made we are thoroughly satisfied of its soundness, and approve the same."

By the law creating it this court is bound by the rulings of the Supreme Court. That court has held, as appears in the foregoing quotations, that what is a reasonable time in which a bill of exceptions should be tendered back to the judge after it has been returned by him for correction, *should be determined as a matter of law;* that it is *both reasonable and liberal to fix twenty days for the correction and return of the bill of exceptions,* and that where there is delay the reason therefor *must appear in the certificate of the judge.* In the instant case it does not appear that the failure to return the bill of exceptions to the judge prior to September 27 was the result either of providential cause or of imperative necessity. Applying the foregoing ruling to the facts of this case the bill of exceptions must be dismissed.

*Writ of error dismissed. Broyles, C. J., and Luke, J., concur.*