### JACKSON *v.* SPENCER & LIPSCOMB.

HILL, J. The certificate of the presiding judge to the bill of exceptions in this case is as follows: "I do hereby certify that the foregoing bill of exceptions is true and correct, and contains all of the evidence and specifies all of the record necessary and material to a clear understanding of the errors alleged to have been committed, 'except the proof of claim in the bankruptcy court of Spencer & Lipscomb, which the clerk is directed to set forth in full,'" etc. A part of the evi-

43

dence used on the hearing of the injunction etc. was contained in the bill of exceptions, except " the proof of claim in the bankruptcy court," which was directed by the court to be "set forth in full" by the clerk. This was not contained in the bill of exceptions, nor was the evidence which was directed by the court to be " set forth in full," and which was attached to the record in the case, approved by the court. This evidence was material to a clear understanding of the errors alleged to have been committed. Such a certificate to a bill of exceptions does not amount to an unqualified approval of the bill of exceptions, and therefore it must be and is dismissed. Compare *Hayes* v. *Chapman,* 147 *Ga.* 625 (95 S. E. 216).

<em>Writ of error dismissed. All the Justices concur.</em>

No. 2671. FEBRUARY 16, 1922.

Writ of error; from Jackson superior court.

*G. W. Westmoreland* and *L. L. Ray,* for plaintiff in error.

*J. S. Ayers,* contra.