18577. PHILLIPS *et. al.* v. PLAINFIELD SCHOOL DISTRICT *et al.*

The bill of exceptions is dismissed because it was retained an unreasonable time by counsel for the plaintiff in error after the trial judge had returned it for correction.

DECIDED JANUARY 11, 1928

Validation of school bonds; from Dodge superior court—Judge Graham. May 30, 1927.

*A. R. Ross, W. A. Wooten*, for plaintiffs in error.

*M. H. Boyer, solicitor-general, O. J. Franklin*, contra.

BLOODWORTH, J. The trial judge certified the bill of exceptions in the usual manner, and then added: "I do further certify that this bill of exceptions was first tendered to me on the 20th day of June, 1927. On the same day I returned the bill to counsel for plaintiff in error with request that he submit it to opposing counsel for approval, which I am informed he did, and on or about July 23, 1927, counsel for plaintiff in error returned me the bill by mail. The bill of exceptions was incorrect, but it was impractical for me to consider it for suggested corrections until August 25, 1927, when I made certain suggested corrections, and then, on August 26, 1927, sent the bill of exceptions, with the

Appeal and Error, 4 C. J. p. 452, n. 25 New.

suggested corrections, by mail to counsel for plaintiff in error. Counsel for plaintiff in error, W. A. Wooten, stated to me that he did not receive the bill of exceptions until August 29th, 1927, when he said that he did receive the bill of exceptions. He made the corrections and returned me the bill in person again on October 3, 1927. Then a few minor corrections were necessary which were made. And I do now sign and certify the bill of exceptions on this the 6th day of October, 1927." Basing his motion on the facts stated in the foregoing certificate, counsel for the defendant in error filed a motion to dismiss the writ of error on the ground that the bill of exceptions was retained an unreasonable time by counsel for the plaintiff in error after having been returned to them for correction by the trial judge. In the motion to dismiss it is alleged by counsel for the defendant in error that "counsel for plaintiff in error, in the first instance, after the judge had returned to him the bill of exceptions for the purpose of submitting same to opposing counsel for approval, kept said bill of exceptions from June 20, 1927, to July 23, 1927, which makes a period of 33 days. In the second instance, after the judge returned said bill of exceptions to counsel for plaintiff in error for purpose of correction, he acknowledged receiving same on August 29, 1927, and returned it to the judge in person on October 3, 1927, holding it a period of 34 days." The record fails to show that the delay in certifying the bill of exceptions resulted from "providential cause or imperative necessity." Under the rulings in *Atkins* v. *Winter*, 121 *Ga.* 75 (6) (48 S. E. 717), *Pappa* v. *Pope*, 25 *Ga. App.* 212, 216 (103 S. E. 99) ; *Walker* v. *Wood*, 119 *Ga.* 624 (46 S. E. 869), *Meador* v. *Callicott*, 129 *Ga.* 631 (60 S. E. 863), and *Mathis* v. *Prigmore*, 148 *Ga.* 497 (96 S. E. 1038), and cit., we must hold that the delay in certifying the bill of exceptions was unreasonable, and that the motion must be sustained, and the writ of error *Dismissed*.

*Broyles, C. J., and Luke, J., concur.*