WILKES *v.* ADERHOLD, Warden.

No. 15905. SEPTEMBER 6, 1947.

642

*Grover C. Powell,* for plaintiff.

*Eugene Cook, Attorney-General,* and *R. N. Odum,* for defendant.

CANDLER, Justice. (After stating the foregoing facts.) By an act of the General Assembly (Ga. L. 1946, pp. 734-735), section 6-902 of the Code was repealed, and in lieu thereof the following provision for the presentation of bills of exceptions was enacted: "Bills of exceptions shall be tendered to the judge who presided in the cause within 20 days from the date of the decision complained of. This provision as to time shall apply to bills of exceptions in all classes of cases and shall so apply irrespective of whether or not the term at which the decision was rendered had adjourned, and irrespective of whether the decision complained of was rendered in vacation or at chambers or during a term of court, except that nothing herein contained shall change any provision of section 27-1201 of the Code of 1933, providing the time within which direct bills of exceptions must be taken to denials of motions for change of venue." The Code, § 6-909, provides: "If the judge shall determine that the bill of exceptions is not true, or does not contain all the necessary facts, he shall return the same, within 10 days, to the party or his attorney, with his objections to the same in writing. If those objections shall be met and removed, the judge may then certify, specifying in his certificate the cause of the delay." This section is silent as to the length of time the party to whom it is returned, or his attorney, will be allowed to comply with the judge's objection and tender a correct bill of exceptions. In a number of decisions by this court it has been held that the plaintiff in error, in such circumstances, has a reasonable time in which to do so. See *Joseph* v. *East Tenn. Va. &c. Ry. Co.,* 92 *Ga.* 332 (18 S. E. 294); *Allison* v. *Jowers,* 94 *Ga.* 336 (21 S. E. 570); *Walker* v. *Wood,* 119 *Ga.* 625 (46 S. E. 869); *Atkins* v. *Winter,* 121 *Ga.* 75 (48 S. E. 717); *Turner* v. *Turner,* 191 *Ga.* 123, 125 (12 S. E. 2d, 633); *Hadden* v. *Fuqua,* 194 *Ga.* 621 (22 S. E. 2d, 377). In *Atkins* v. *Winter,* supra, it was held that a delay of 38 days in returning a corrected

bill of exceptions was, as a matter of law, unreasonable. The present plaintiff in error did not tender a correct bill of exceptions until 106 days after the date of the judgment complained of, and nearly three months after the bill of exceptions was returned for correction. No sufficient reason being shown for such delay, under the authorities cited, the motion of counsel for the defendant in error to dismiss the bill of exceptions is accordingly sustained.

*Writ of error dismissed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*