## SALYARD *v.* SALYARD.

HEAD, Justice. The delay in tendering the corrected bill of exceptions in this case was unreasonable. The certificate of the trial judge does not show that the delay was occasioned by providential cause or imperative necessity, and the bill of exceptions must be dismissed. *Allison* v. *Jowers,* 94 *Ga.* 335 (21 S. E. 570); *Sutton* v. *Valdosta Guano Co.,* 115 *Ga.* 794 (42 S. E. 94); *Walker* v. *Wood,* 119 *Ga.* 624 (46 S. E. 869); *Atkins* v. *Winter,* 121 *Ga.* 75 (48 S. E. 717); *Meador* v. *Callicott,* 129 *Ga.* 631 (60 S. E. 863); *Whitley* v. *Kelly,* 136 *Ga.* 835 (72 S. E. 346); *Mulling* v. *Exchange Bank of Waycross,* 137 *Ga.* 431 (73 S. E. 654); *Kent* v. *Geiger,* 138 *Ga.* 248 (75 S. E. 104); *Jensen* v. *Jacobs Pharmacy Co.,* 143 *Ga.* 724 (85 S. E. 873); *Hayes* v. *Chapman,* 147 *Ga.* 626 (2) (95 S. E. 216); *Mathis* v. *Prigmore,* 148 *Ga.* 497 (96 S. E. 1038); *Turner* v. *Turner,* 191 *Ga.* 123 (12 S. E. 2d, 633).

*Writ of error dismissed. All the Justices concur.*

No. 17343. FEBRUARY 14, 1951.

*Harris Bullock* and *James G. Lamar,* for plaintiff.
*Samuel L. Eplan,* for defendant.