36609. STRIBLING et al. v. CATOOSA COUNTY.

TOWNSEND, J. The judgment to which exception is taken in this case was rendered on July 2, 1956. The bill of exceptions was tendered on July 16, and on that date returned to the attorney for the plaintiff in error. The certificate of the trial court to the bill of exceptions, dated January 1, 1957, states in part that the court returned the bill of exceptions to said attorney on July 16 "and that the same, so far as the undersigned knows and believes, remained in his possession from that time until the 21st of December, 1956, and that the lapse of time from the tender until the certifying of the bill of exceptions is chargeable to the inaction of said counsel." Such a period of time to hold a bill of exceptions before retender to the trial court is, as a matter of law, unreasonable, and it not appearing to have been occasioned by providential cause, the bill of exceptions must accordingly be dismissed. Code (Ann. Supp.) § 6-909; Allison v. Jowers, 94 Ga. 335 (21 S. E. 570); Sutton v. Valdosta Guano Co., 115 Ga. 794 (42 S. E. 94); Walker v. Wood, 119 Ga. 624 (46 S. E. 869); Atkins v. Winter, 121 Ga. 75 (48 S. E. 717); Meador v. Calicott, 129 Ga. 631 (60 S. E. 863); Whitley v. Kelley, 136 Ga. 835 (72 S. E. 346); Mulling v. Exchange Bank of Waycross, 137 Ga. 431 (73 S. E. 654); Kent v. Geiger, 138 Ga. 248 (75 S. E. 104); Hayes v. Chapman, 147 Ga. 625 (2) (95 S. E. 216); Mathis v. Prigmore, 148 Ga. 497 (96 S. E. 1038); Turner v. Turner, 191 Ga. 123 (12 S. E. 2d 633); Wilkes v. Aderhold, 202 Ga. 641 (44 S. E. 2d 248); Salyard v. Salyard, 207 Ga. 619 (63 S. E. 398); Pappa v. Pope, 25 Ga. App. 212 (103 S. E. 99); Bryant v. State, 74 Ga. App. 223 (39 S. E. 2d 452).

Writ of error dismissed. Gardner, P. J., and Carlisle, J., concur.

DECIDED APRIL 2, 1957.

454

*Julian M. Longley, Jr.,* for plaintiffs in error.
*M. L. Harris, W. A. McClure,* contra.