20064. PHILLIPS, Administrator, *v.* TAYLOR *et al.*

WYATT, Presiding Justice. The judgment here complained of was rendered on January 7, 1958. The bill of exceptions was tendered on January 27, 1958, and was on that date returned to the plaintiff in error for correction. The corrected bill of exceptions was again tendered on February 27, 1958. If, under Code (Ann.) § 6-909, a judge returns a bill of exceptions to a party for correction, such party has a reasonable time in which to perfect the bill of exceptions and retender same for certification, unless there is a delay occasioned by providential cause or imperative necessity, in which case such cause of delay shall be included in the certificate of the trial judge. *Parkman* v. *Dent,* 109 *Ga.* 289 (34 S. E. 559) ; *Meador* v. *Callicott,* 129 *Ga.* 631 (60 S. E. 863) ; *Salyard* v. *Salyard,* 207 *Ga.* 619 (63 S. E. 2d 398), and the many cases cited therein. As to what will be considered an unreasonable delay, various periods have been held to be unreasonable. See *Kent* v. *Geiger,* 138 *Ga.* 248 (75 S. E. 104)—34 days; *Whitley* v. *Kelly,* 136 *Ga.* 835 (72 S. E. 346)—21 days; *Atkins* v. *Winter,* 121 *Ga.* 75 (48 S. E. 717)—38 days, and the many cases cited therein where the period is either greater or less than that appearing in these cases. However, in *Allison & Davis* v. *Jowers,* 94 *Ga.* 335 (21 S. E. 570), it was said: ". . . if the judge is unwilling to sign the bill of exceptions as tendered to him, he may, in case he does not see fit to make the needful corrections, return the same, within ten days, with his objections in writing. The section is silent as to the length of time the party to whom it is returned, or his attorney, will be allowed to remove the judge's objections and tender a corrected bill of exceptions; but he certainly should not be allowed for this purpose (in the absence of some good reason for delay) longer than thirty days." In *Atkins* v. *Winter,* 121 *Ga.* 75 (6), supra, it was said: "Since, in the nature of the case, it ought to require less time to correct than in the first instance to prepare an entire bill of exceptions, it is both

liberal and reasonable, by analogy, to fix twenty days for the correction and return of the bill of exceptions, the same being a period deemed sufficient by the law for the preparation of bills of exceptions in injunction cases, which are among the most voluminous provided for by statute." It therefore appears that the greatest length of time a party has from the time a bill of exceptions is returned to him for correction to perfect the bill of exceptions and tender it is no longer than the time provided by law for the tender of the original bill of exceptions, unless a longer delay is occasioned by providential cause or imperative necessity, which should appear in the certificate of the judge. Unless it otherwise appears, that the bill of exceptions was tendered at a different time, it will be assumed that it was tendered on the date it was signed by the trial judge. *Allison & Davis v. Jowers*, 94 *Ga.* 335, supra; *Friendship Primitive Baptist Church* v. *Fuller*, 180 *Ga.* 469 (179 S. E. 343); and *Capers* v. *Ball*, 211 *Ga.* 502 (87 S. E. 2d 85). In the instant case, the bill of exceptions consisting of two and one quarter pages as it appears in the record in this case, was returned by the judge to the plaintiff in error for correction and was held by the plaintiff in error for more than thirty days. The certificate of the judge does not show that the delay was occasioned by providential cause or imperative necessity. The delay in tendering the corrected bill of exceptions was therefore unreasonable and the writ of error must be dismissed.

*Writ of error dismissed. All the Justices concur.*

ARGUED MAY 14, 1958—DECIDED JUNE 4, 1958.

*H. E. Edwards*, for plaintiff in error.
*Thomas M. Stubbs, Jr.*, contra.