### 20536. FLOYD *v.* FLOYD.

HEAD, Justice. The judgment assigned as error was entered on October 27, 1958. On November 26, 1958, a bill of exceptions was tendered to the trial judge. The bill of exceptions recites that, on November 29, 1958, "it was, with the consent

of both the plaintiff in error and defendant in error, returned, without a hearing thereon as to the correctness and completeness thereof, to the plaintiff in error for the preparation and approval of the brief of evidence specified therein, . . ." The bill of exceptions was retendered to the trial judge on May 21, 1959, and with reference to the delay in retendering the bill of exceptions, it is recited "that both parties have made known to me their agreement that it be held by plaintiff in error until this date and retendered to me on this date, . . ." *Held:*

The certificate of the trial judge does not show that the delay in retendering the bill of exceptions was occasioned by providential cause or imperative necessity, and the bill of exceptions must be dismissed. *Salyard* v. *Salyard,* 207 *Ga.* 619 (63 S. E. 2d 398), and cases cited; *Phillips* v. *Taylor,* 214 *Ga.* 221 (104 S. E. 2d 96).

*Writ of error dismissed. All the Justices concur, except Wyatt P. J., who dissents. Duckworth, C. J., concurs specially.*

Argued July 13, 1959—Decided September 11, 1959.

*Clarence H. Clay, Jr., Harry F. Thompson,* for plaintiff in error.

*Buckner F. Melton, Andrew W. McKenna,* contra.

Duckworth, Chief Justice, concurring specially. I concur only because I am bound by the decisions of this court but I consider the rule as stated in the decisions cited and in *Turner* v. *Turner,* 191 *Ga.* 123 (12 S. E. 2d 633), to be too harsh, and I would overrule them if my associates would agree.