## 20787. LEACHMAN *v.* FARRAR LUMBER COMPANY.

DECIDED DECEMBER 18, 1930.

*Whitaker & Whitaker,* for plaintiff in error.
*Paul F. Akin,* contra.

LUKE, J. A bill of exceptions to a judgment rendered December 19, 1929, was presented to the trial judge on January 8, 1930, and was held by him until sometime in April (under a misapprehension that a copy thereof had been served on opposing counsel), when the bill was delivered to opposing counsel, who objected to its contents and filed his objections with counsel for the plaintiff in error on April 25, and thereafter urged a hearing upon the objections. The hearing was ordered, and was held on May 31, and the bill was corrected, rewritten, and signed on June 5, 1930. The certificate of the judge does not show any reason for the delay in again tendering the bill of exceptions for certification. In his certificate to the bill of exceptions the judge recites, among other things, that "I further certify that the bill of exceptions was presented to the court on January 8, 1930, and held by the court for correction until some time in April, the court thinking a copy had been served on opposing counsel. Opposing counsel was not served and did not know of it, and in April the bill was delivered to opposing counsel, who objected to the contents of the bill, and filed his objections with counsel for plaintiff in error on April 25th, and has urged a hearing on the objections since then. The hearing was ordered and held on May 31st, and the bill corrected, rewritten, and signed this

day. This June 5th, 1930." In a motion to dismiss the writ of error, the defendant in error points out that the plaintiff in error did nothing to have the bill of exceptions certified by the court for nearly five months; and that no reason appears for the delay of some thirty-six days in correcting the bill and again tendering it for certification.

A motion to dismiss a writ of error upon the same grounds as those urged in this case was presented to this court in *Papa* v. *Pope,* 25 *Ga. App.* 212 (103 S. E. 99). This court, following the decision in *Atkins* v. *Winter,* 121 *Ga.* 76 (48 S. E. 717), as one of binding authority upon this court, dismissed the writ of error by applying the rule that a period of twenty days is both reasonable and liberal for the correction and return of the bill of exceptions, and observing that it did not appear that the failure to return the bill of exceptions to the judge within that period was the result of providential cause or imperative necessity. The facts in the case now under consideration are substantially the same, and no reason occurs to us, in the circumstances, to make this case an exception to the well-recognized rule of law.

*Writ of error dismissed. Broyles, C. J., and Bloodworth, J., concur.*