## 23200. WILSON v. DANIELS.

DECIDED OCTOBER 6, 1933.

*S. W. Sturgis,* for plaintiff.   *Dampier & Watson,* for defendant.

GUERRY, J. This case was disposed of by nonsuit on October 27, 1931. A bill of exceptions was tendered to the trial judge within due time. This bill of exceptions was held until after the trial judge went out of office the first of the year, in 1933, and was finally certified by the trial judge with this note: "I further certify that the above bill of exceptions was presented to me within the time required by law and that the same became mislaid or lost by me and that the cause of the same not having been signed and certified in time was not due to the negligence of the plaintiff in error and was in no way the fault of the plaintiff or his attorney." This bill of exceptions was presented in time for it to have been certified and sent up to the March term of this court, 1932. Counsel for plaintiff in error states in his brief that he "repeatedly tried to get the judge to get up the bill of exceptions, and the judge would say to him that he would hunt up the same." It also ap-

pears from the brief of plaintiff in error, and from the certificate of the clerk, that after the trial judge had gone out of office the bill of exceptions was turned over to the clerk and the clerk in a few days delivered it to counsel for plaintiff in error, and the same was again presented to the trial judge, and the certificate was not signed until April 8, 1933. Section 6158 of the Civil Code (1910) provides that if the trial judge determines that the bill of exceptions is not true or does not contain or specify all the record necessary, he shall in ten days return the same to the party for correction, etc. Section 6187 of the Civil Code provides "no bill of exceptions shall be dismissed upon the ground that the same was not certified by the judge in the time required by law for tendering and signing the bill of exceptions, . . unless it should appear that the failure to sign and certify the same by the presiding judge within the time prescribed by law was caused by some act of plaintiff in error or his counsel." Section 6159 of the Civil Code provides, "If from any cause the bill of exceptions is not certified by the judge without fault of the party tendering, such party or his attorney shall apply at the next term of the Supreme Court, and on petition, obtain from said court a mandamus nisi directed to such judge. 1. Such petition must set out substantially the bill of exceptions tendered," etc. The Supreme Court, in *Duke* v. *Kelley,* 136 *Ga.* 833 (72 S. E. 250), used this language in discussing a state of facts similar to but less aggravated than those in the case at bar: "This section [6187] should be construed in connection with other sections of the code. So construed, it was not the legislative intent that the plaintiff in error or his counsel, upon tendering a bill of exceptions, should remain inactive for an indefinite length of time and permit the judge to hold the bill of exceptions without any action upon it. If the act of 1896 [from which this section is taken] should so be construed the judge might overlook the bill of exceptions or lay it aside and let years pass before taking action upon it. In the meantime the defendant in error would remain in a state of uncertainty and his rights of property might have a cloud cast upon them by reason of the tendering and retention of an inchoate bill of exceptions. . . The act of 1896 . . did not entirely relieve the plaintiff in error or his counsel from any diligence in regard to the matter or permit them to sit by indefinitely in a state of quiescence, or acquiescence in the delay of the judge, and allow many months,

including an entire term of this court, to pass without any effort to compel the judge to act upon the bill of exceptions, and thus advance the prosecution of the writ of error." In the case at bar *two* terms of this court have gone by between the time of tendering the bill of exceptions and the time of its signing and certification by the presiding judge. This being a direct bill, the defendant in error states that he had no notice that any exceptions were taken to the nonsuit until April, 1933, when he was asked to acknowledge service on the same. This action having been terminated by a nonsuit and the six months period having elapsed, it is possible that the statute of limitations has barred a renewal of the cause. The defendant in error had no notice of a lis pendens. Property rights may have been affected. The plaintiff in error may not acquiesce in the refusal or neglect of a judge to certify a bill of exceptions over and beyond the next regular term of an appellate court to which it is to be taken. Vigilantibus et non dormientibus jura subveniunt, a maxim in equity or law, applies also to the conduct of counsel in the prosecution of writs of error. The law has not left him without remedy and will not excuse his laches.

The facts of this case are more aggravated than those of the *Duke* v. *Kelley* case, supra. Section 6187, supra, construed in the light of the other sections does not excuse the plaintiff in error from exercising due diligence in seeking the remedies provided by law for the proper prosecution of his writ of error.

*Writ of error dismissed. Broyles, C. J., and MacIntyre, J., concur.*