## JONES v. THE STATE.

1. Where, in a criminal case, it appears by the certificate of the
presiding judge to the bill of exceptions that the same was
tendered to him within twenty days from the date of the
overruling of the motion for new trial, such certificate is con-
clusive, and this court cannot consider a second certificate
nor any aliunde testimony showing contrary to the recital in
the body of the bill, duly certified.
2. Where, in such a case, a bill of exceptions is presented to the
trial judge within the time prescribed by law, but not certi-
fied by him until twenty-one days after the overruling of the
motion for new trial, a motion to dismiss the writ of error,
since the passage of the act approved December 24th, 1896,
will not be granted by this court.   Under the terms of that
act, delay for any length of time on the part of the judge to
sign and certify a bill of exceptions tendered him in time,
unless such delay beyond the time fixed for signing and certi-

fying was occasioned by some act of the plaintiff in error or his counsel, is not now cause for dismissal of the bill of exceptions.

8. The evidence is not sufficient to support the verdict, and the court erred in not granting the motion for new trial.

Argued March 15,—Decided March 22, 1897.

Indictment for misdemeanor. Before Judge Fite. Bartow superior court. January term, 1897.

Allen Jones was indicted for selling spirituous and intoxicating liquors in Bartow county. After conviction, his motion for a new trial was overruled, and he excepted. At the trial Dobbs testified, that he saw Collins give defendant fifteen cents and ask him to go and get some whisky for him; he came back and said they had raised the price on him to fifty cents a pint, and wanted Collins to pay him that amount. Collins said, "Give me back my money;" and defendant gave it back. Defendant had a square pint bottle. Collins refused to pay at the rate of fifty cents a pint, and they did not trade. They went out, and after five or ten minutes Collins returned with some whisky in a smaller bottle. Collins testified, that he gave defendant fifteen cents and asked him to go and see if he could get witness some whisky. He went off, and after a while returned and said he did not get it, because they had gone up to fifty cents a pint; and returned to witness his money upon request. Defendant had no whisky in a bottle then, that witness could see, and he had a better chance to see than Dobbs. Later he gave defendant the fifteen cents, and Rhea gave him twenty cents, and they told him to go and buy that much for them. About half an hour afterwards these three got together, Rhea then having about two thirds of a pint of whisky, and they all went and took a drink. Rhea testified, that he gave defendant fifteen or twenty cents at the same time that Collins gave him fifteen cents. Witness also gave him a bottle and told him to go and buy the whisky even at fifty cents a pint. He went off toward the

wagon-yard and in about half an hour returned with about two thirds of a pint of whisky, saying he got it from a man in the wagon-yard. Witness never saw defendant with whisky before. For defendant, Leak testified that he saw him on the night he got the whisky for Collins and Rhea. He bought it from a white man named Lanham or Lead-ford. Defendant is a negro. Witness saw him buy it; he got less than a pint, and paid thirty-five cents for it. Witness had tried to get some from the same man and could not, and gave fifty cents to defendant and asked him to get it, and he did get witness a pint from the same man. He asked witness for a drink, and witness told him to take some out of the bottle he had. He said, no, that is Rhea and Collins' whisky.

*J. W. Harris*, for plaintiff in error.
*S. P. Maddox, solicitor-general*, contra.

LITTLE, Justice.

1. When this case was called in its order, the State moved to dismiss the bill of exceptions, because the same was not certified by the judge within the time prescribed by law; and presented a second certificate from the judge before whom the case was tried, to the effect that the case was tried at the January term, 1897, of Bartow superior court, on the 19th day of January, which court was in ses-sion until the 6th day of February; that he was absent from home until Saturday the 13th, holding court; and that the bill of exceptions was tendered to him on the 12th of February and signed on that day. There was also submitted an affidavit from J. W. Harris, Jr., in relation to the mailing and service of the bill of exceptions. It appears from the record in the case, that the bill of exceptions was certified as true by the judge on the 12th day of February, 1897, and that the following recital is made in the body of the bill of exceptions: "And now within twenty days from the overruling of said motion for new trial, Allen Jones pre-

scnts this his bill of exceptions and prays that the same may
be signed and certified." Because of this recital therein, we-
refused to dismiss the bill of exceptions. There can of
course be no question as to the correctness of the second
certificate, nor of the affidavit offered; but this court has
no power to consider a second certificate. The certificate
to the bill of exceptions is the writ of error. Code, §5533.
It was ruled in the case of *Perry* v. *Central Railroad,* 74
*Ga.* 411, that after a judge has signed a bill of exceptions,
he has exhausted his statutory power with respect thereto,.
and he cannot subsequently alter or recertify the same; and
to the same effect is the case of *Marshall* v. *Livingston,* 77
*Ga.* 21; and in the case of *Scott* v. *Central Railroad,* 77
*Ga.* 453, it was held, that if one certificate be made, whether
it certifies all or a part of the bill of exceptions, the bill of
exceptions is a finished document, a writ of error, over-
which this court has jurisdiction either to hear on the merits,
or dismiss for legal cause. There are a number of other ad-
judications to the same effect. In the case of *Strong* v.
*Atlanta Consolidated St. Ry. Co.,* 97 *Ga.* 693, a motion
to dismiss was made in this court, and an affidavit sub-
mitted tending to prove certain matters connected with
the transcript of the record; whereupon the court ruled:
"This affidavit we are constrained to decline to consider,.
for the reason that this court has no authority to receive
aliunde evidence as to facts transpiring in the court below;.
not certified to in the record sent to this court." Thus
it will be seen that the consideration of a second cer-
tificate of the judge or of aliunde testimony cannot be
considered here, on a motion to dismiss, but that the cer-
tificate of the judge to the bill of exceptions, when in the
regular and prescribed form, is the writ of error in that case.
and will be so regarded.

2. Nor could this writ of error be dismissed because it
appeared from the dates in the record that the bill of excep-
tions was not certified by the presiding judge until twenty-

one days after the overruling of the motion for new trial. The act of the General Assembly of Georgia, approved December 24th, 1896 (Acts 1896, p. 45), entitled "An act to regulate the practice in the Supreme Court in certain particulars," in terms prevents the dismissal of the bill of exceptions. That act expressly provides, that no bill of exceptions pending in the Supreme Court shall be dismissed on the ground that the same was not certified by the judge in the time now required by law for tendering and signing bills of exceptions. It further provides, that if it appears from the bill of exceptions that the same was tendered to the judge within the time required by law, failure on his part to sign the same within the time prescribed shall be no cause for dismissal of the bill of exceptions; and the only exception to this rule established by this statute, is that such failure to sign and certify within the time prescribed by law was caused by some act of the plaintiff in error, or his counsel. Under the provisions of the act, this court has no power to dismiss the bill of exceptions when the same was tendered to the judge within the time now prescribed by law, without regard to the date on which the judge signed and certified the same, unless it should appear that the failure to sign and certify such bill of exceptions within the time prescribed by law was occasioned by some act of the plaintiff in error or his counsel.

3. An examination of the evidence contained in the record leads us to the conclusion that the verdict in this case is not supported by the evidence. *Paschal* v. *The State,* 84 *Ga.* 326; *Grant* v. *The State,* 87 *Ga.* 265; *White* v. *The State,* 93 *Ga.* 51. As, therefore, the judgment of the court below must be reversed, we deem it unnecessary and unprofitable to consider and pass upon the alleged errors in the charge of the court.

*Let the judgment of the court below be reversed. All the Justices concurring.*