## WOOLF *v.* THE STATE.

1. Where an order, granted in term, allowed the movant in a motion for a new trial a specified number of days within which to file in vacation a brief of the evidence, but the same was not filed within the time thus prescribed and no order extending the time for such filing was passed, it would have been proper, when the motion for a new trial regularly came on to be heard, to sustain a motion to dismiss the same for want of a brief of evidence.

2. When, however, the motion for a new trial was by a proper order set for a hearing upon a designated day in vacation, the judge had no authority, without the movant's consent, to call up and dispose of such motion on a day previous to that fixed in such order.

3. A judge can not, after certifying in proper form that a bill of exceptions is true, by a supplemental certificate change or modify recitals of fact in such bill of exceptions contained. This court can not, and will not, consider a supplemental certificate of this character.

Argued May 2, — Decided May 25, 1898.

Motion for new trial. Before Judge Berry. Criminal court of Atlanta. March 11, 1898.

*J. L. Cobb* and *S. C. Crane,* for plaintiff in error.
*J. F. O'Neill, solicitor,* contra.

LUMPKIN, P. J. The plaintiff in error was in the city court of Atlanta found guilty of beating his wife. He filed a motion for a new trial, and an order was passed allowing him fifteen days within which to file in vacation a brief of the evidence. This order was dated February 14, 1898. The motion was set for a hearing on February 23, but on the latter day continued until March 16, doubtless for the reason that the day first fixed arrived before the expiration of the fifteen days originally granted to the movant within which to file his brief of the evidence. No order was passed at any time extending the period for the filing of the brief, which expired February 29. The brief was not in fact filed until March 9. On March 11, the judge, over the movant's objection, called up the motion and dismissed it on the ground that the brief of evidence had not been filed within the time limited. The facts as above recited are taken from the bill of exceptions, which the judge in the usual form certified as true. In a supplemental certificate he further certified that J. L. Cobb, counsel for the movant, agreed that the hearing of the motion for a new trial be had on March 11. The

bill of exceptions assigns error in disposing of the motion for a new trial on the day last named, without the consent of the accused or his counsel.

1. If the motion for a new trial had been heard at the proper time, to wit, March 16, and counsel for the State had then moved to dismiss it on the ground that a brief of the evidence had not been filed within the time granted for this purpose, it would undoubtedly have been proper to sustain the motion to dismiss. This is obvious without discussion.

2. The difficulty, however, was that the court had no authority to take any action whatever upon this motion on March 11, without the consent of the accused or his counsel. The hearing, as has been seen, was set for March 16, and the bill of exceptions expressly negatives that any such consent was given. It is plainly improper for a judge, after setting a case for a hearing on a day certain, either in term or vacation, to call up and dispose of the case in advance of that day, unless all the parties concerned or their counsel, agree or consent thereto. Otherwise, the losing party will not have had his day in court, and will have just cause for complaint.

3. It was insisted that the hearing of the motion in the present case on March 11 was, as matter of fact, agreed to by counsel for the accused, and therefore the judgment below should not be disturbed. As evidence of the alleged agreement, the State's counsel relied upon the supplemental certificate of the judge above mentioned. The reply to this position is, that the judge had no power to make this supplemental certificate, and accordingly we have no authority to consider it. After certifying in the statutory form that a bill of exceptions is true, the judge can not, by an additional and unauthorized certificate, qualify the one already lawfully signed, and thus make it appear that a portion of the bill of exceptions is not true. Errors and inaccuracies in a bill of exceptions should be corrected before it is certified at all. If a judge improperly verifies an untrue bill of exceptions, he can not thereafter recall his action and in this manner correct the error he committed in the first instance; for whenever he has once certified a bill of exceptions as true, his certifying power over it is exhausted.

*Judgment reversed. All the Justices concurring.*