## DYKES v. BROCK et al.

When a bill of exceptions is tendered to a judge, in which the only assignment of error is that the judge erred in directing a verdict, and with the bill of exceptions is tendered a brief of the evidence, to be approved by the judge and made a part of the record in the case and transmitted to the Supreme Court as such, and the judge declines to certify the bill of exceptions, and calls attention of counsel to the fact that the brief of evidence is incorrect, and directs that the same shall be corrected by the stenographer's report of the evidence, and counsel delays tendering the corrected brief of evidence for fifty-four days after attention has been called by the judge to the fact that the brief as originally presented was not correct, the writ of error will be dismissed, unless it appears that the delay was occasioned solely by providential cause or imperative necessity; and that the cause of the delay was of the character indicated must appear from the certificate of the judge. When the certificate of the judge is silent as to what was the cause of the delay, the Supreme Court will not consider evidence adduced before it to show the reason for the delay.

Argued April 19,—Decided May 17, 1907.

Motion to dismiss the writ of error.

*G. A. Coffee, O. N. Starr,* and *G. B. Erwin Jr.,* for plaintiff.

*Neel & Peeples,* for defendants.

COBB, P. J. The case was tried at the February term, 1906, of the superior court of Gordon county, and a verdict was directed for the defendant. The plaintiff presented to the judge a bill of exceptions, assigning error upon this ruling. The court adjourned on March 7, 1906. The certificate of the judge is dated June 4, 1906. It is in the usual form, but is followed by the following note, which immediately precedes the signature of the judge: "I further certify that on April 5, 1906, there was handed to me for approval, with the bill of exceptions, an imperfect skeleton brief of the evidence in the case, and I then told counsel for movant that I would accept it subject to the rights of the defendant, and that movant must get a transcript of the stenographer's notes and substitute them for the skeleton brief, which was done May 29, 1906, the same being approved by me this day as correct." It will thus be seen that the bill of exceptions was tendered within thirty days from the adjournment of the court. The February term of the superior court of Gordon county began on the fourth Monday in February; and hence it appears that the bill of exceptions was tendered within sixty days from the date of the ruling complained.

of; but at the time that the bill of exceptions was tendered, counsel for the plaintiff in error also presented to the judge a brief of the evidence, to be approved and made a part of the record, and this brief was not correct, and the judge declined to certify the bill of exceptions until it was corrected, and directed that the stenographer's report should be used for this purpose.

The fact that the brief of the evidence was not correct was a sufficient reason for the judge to refuse to certify the bill of exceptions, and it was incumbent upon counsel to cause the corrections to be made in the brief of evidence, with due diligence. The corrected brief of the evidence was not presented to the judge until May 29, which was eighty-three days after the court had adjourned and fifty-four days after counsel had been notified that the brief was incorrect and that the judge would not sign the bill of exceptions, for this reason. The law declares that if a bill of exceptions is presented within due time, a mere failure on the part of the judge to sign the same within the time prescribed by law shall be no cause for a dismissal of the bill of exceptions, unless it should appear that the failure to sign and certify the same was caused by some act of the plaintiff in error or his counsel. Acts of 1896, p. 45; Van Epps' Code Supp. § 6246. When counsel for the plaintiff in error were notified by the judge that the brief of the evidence was incorrect, they should, within a reasonable time, have made the corrections necessary and presented the corrected brief to the judge. While the brief of the evidence was not, in the present case, a part of the bill of exceptions, it was tendered for the purpose of approval, in order that it might be incorporated in the record. A correct brief of the evidence was indispensable in the case, for the assignment of error therein could not be decided, unless the evidence came before the Supreme Court in one of the ways prescribed by law. The case, therefore, is to be determined in exactly the same way as if the evidence had been incorporated in the bill of exceptions, and was, for some reason, incorrect, and the bill of exceptions had been returned to counsel for correction. When it appears that the corrected brief of the evidence was not presented until fifty-four days after the attention of counsel was called to the fact that the brief, as presented, was incorrect, it must be held that the corrected brief was not presented within a reasonable time. *Walker* v. *Wood,* 119 *Ga.* 624; *Atkins* v. *Winter,*

121 *Ga.* 75. When counsel for the plaintiff in error delay for an unreasonable time the making of corrections in the bill of exceptions or the brief of the evidence, required by the judge as a condition precedent to certifying the bill of exceptions, the bill of exceptions will be dismissed, unless it affirmatively appears that the delay was caused solely by providential cause or imperative necessity. The mere failure or refusal of the official stenographer to furnish a transcript of the notes of the evidence taken at the trial is neither providential cause nor imperative necessity. See, in this connection, *Lambert Hoisting Engine Co.* v. *Bray,* 127 *Ga.* 452, and cases cited in division 2 of the opinion. The reason for the delay must appear in the certificate of the judge, and this court will not hear evidence by affidavits as to the matter.

*Writ of error dismissed. All the Justices concur.*