## STILWELL *v.* WATKINS.

ATKINSON, J.   1. A bill of exceptions reciting that it was tendered within thirty days from the adjournment of the court, and followed by the usual certificate of the judge, will not be dismissed, although not actually certified by the judge until after the time allowed by law for tendering the same had expired, unless it be made to appear that the failure of the judge to certify the same within the period allowed for tendering the bill of exceptions was due to some act of the plaintiff in error or his counsel. *Dyson.* v. *Southern Ry. Co.,* 113 *Ga.* 327 (38 S. E. 749) ; *Proctor* v. *Piedmont Portland Cement & Lime Co,* 134 *Ga.* 391 (67 S. E. 942).

2. Where a bill of exceptions is duly and regularly certified according to law, an additional certificate following the one required by statute will be ignored and treated as surplusage. *Dyson* v. *Southern Ry. Co.,* supra; *Atkins* v. *Winter,* 121 *Ga.* 75 (48 S. E. 717) ; *Cordray* **v.** *Savannah Union Station Co.,* 134 *Ga.* 865 (68 S. E. 697).

3. Under the ruling in *Southern Mining Co.* v. *Brown*, 107 *Ga.* 264 (33 S. E. 73), the bill of exceptions will not be dismissed on the ground that there was no bona fide effort to brief the evidence contained in the bill of exceptions.

4. In a proceeding under the Civil Code, § 4808, against an intruder, the defendant can not be evicted if in good faith he claims a right to the possession of the land. *Thompson* v. *Glover*, 120 *Ga.* 440 (47 S. E. 935) ; *Lane* v. *Williams*, 114 *Ga.* 124 (39 S. E. 919). Under this rule, the evidence, being conflicting, was not of such character as to authorize the direction of a verdict against the defendant.

*Judgment reversed. All the Justices concur.*
SEPTEMBER 23, 1910.

Affidavit to eject. Before Judge Morris. Gilmer superior court. May 21, 1909.

*J. Z. Foster* and *A. H. Burtz,* for plaintiff in error.
*William Butt, J. P. Brooke,* and *D. W. Blair,* contra.