## DUKE v. KELLY.

Where a bill of exceptions, on October 19th, 1909, was presented to the
judge, who held the same for examination until December 14th, 1910,
before certifying it, and counsel for the plaintiff in error in the mean-
time made no effort to obtain a mandamus to compel the judge sooner
to certify the bill of exceptions, the writ of error will be dismissed.

SEPTEMBER 23, 1911.

Intervention; from Douglas. Motion to dismiss writ of error.

J. S. James, for plaintiff in error. Anderson, Felder, Rountree
& Wilson and George P. Whitman, contra.

HOLDEN, J. In this case the bill of exceptions was presented to
the presiding judge on October 19, 1909, and the certificate thereto
was signed December 14, 1910. The certificate recites that the bill
of exceptions was presented in time and was "held for considera-
tion." Below the certificate is a statement signed by the judge as
follows: "Rec'd October 19th, 1909, and held for examination."
No application was made to this court to require the judge to certify
the bill of exceptions. Civil Code (1910), § 6158, provides: "If the
judge shall determine that the bill of exceptions is not true, or does
not contain all the necessary facts, he shall return the same, within
ten days, to the party or his attorney, with his objections to the
same in writing. If those objections are met and removed, the
judge may then certify, specifying in his certificate the cause of
the delay. If the judge sees proper, he may order notice to the
opposite party of the fact and time of tendering the exceptions,
and may hear evidence as to the truth thereof." When the bill of
exceptions was presented to the judge he kept it for "examination"
and "consideration." It was not returned to counsel for the plain-
tiff in error, because it was not true, or did not contain "all the
necessary facts." When the bill of exceptions was presented to
the judge, within ten days thereafter he should have certified it or
returned it to counsel for the plaintiff in error under the provisions
of the section above quoted. The failure of the judge, however, to
certify the bill of exceptions within ten days from the time it was
presented to him would not work a dismissal of the writ of error,
unless the failure to certify the bill of exceptions within the ten
days "was caused by some act of the plaintiff in error or his coun-
sel." Under the act of 1896, embodied in the Civil Code (1910),
§ 6187, it is provided: "No bill of exceptions shall be dismissed

upon the ground that the same was not certified by the judge in the time required by law for tendering and signing bills of exceptions; but if it shall appear from the bill of exceptions that the same was tendered to the judge within the time required by law, a mere failure on his part to sign the same within the time prescribed shall be no cause for dismissal, unless it should appear that the failure to sign and certify the same by the presiding judge within the time prescribed by law was caused by some act of the plaintiff in error or his counsel." This section only provides that a bill of exceptions shall not be dismissed for failure of the judge to certify it within ten days from the time it is presented, unless such failure "was caused by some act of the plaintiff in error or his counsel." We think the bill of exceptions will have to be dismissed — not because of the failure of the judge to certify it within ten days, but for other reasons hereinafter stated.

The Civil Code (1910), § 6159, provides: "If from any cause the bill of exceptions is not certified by the judge, without fault of the party tendering, such party or his attorney shall apply at the next term of the Supreme Court, and, on petition, obtain from said court a mandamus nisi directed to such judge." We do not think section 6187, hereinbefore quoted, prohibits a dismissal when the bill of exceptions is held by the judge, with the express or tacit acquiescence of the plaintiff in error, for long period after the expiration of the ten days, without being certified. This section should be construed in connection with other sections of the code. So construed, it was not the legislative intent that a plaintiff in error or his counsel, upon tendering a bill of exceptions, should remain inactive for an indefinite length of time and permit the judge to hold the bill of exceptions without any action upon it. If the act of 1896 should be so construed, the judge might overlook the bill of exceptions or lay it aside and let years pass before taking action upon it. In the meantime, the defendant in error would remain in a state of uncertainty, and his rights and rights of property might have a cloud cast upon them by reason of the tendering and retention of an inchoate bill of exceptions. While the act of 1896 prohibited the dismissal of a bill of exceptions because the judge after receiving it in due time did not certify it within the time prescribed by law, yet it did not entirely relieve the plaintiff in error or his counsel from any diligence in regard to the matter,

or permit them to sit by indefinitely in a state of quiescence, or acquiescence in the delay of the judge, and allow many months, including an entire term of this court, to pass without any effort to compel the judge to act upon the bill of exceptions, and thus advance the prosecution of the writ of error. The bill of exceptions in this case was held by the judge for nearly fourteen months after being presented to him, and then certified. If the judge did not thus hold it without certifying it with the express consent of counsel for the plaintiff in error, it was certainly with their tacit acquiescence. The retention by the judge of the bill of exceptions without certifying it for nearly fourteen months after it was presented to him was certainly done with the knowledge of counsel for the plaintiff in error. He had his remedy, under the sections above quoted, to compel the judge by mandamus from this court to certify the bill of exceptions, which appears to be true and to contain all the necessary facts. His failure to use this remedy to compel the judge to certify the bill of exceptions during the long time the latter held it shows acquiescence by such counsel in the judge thus holding the bill of exceptions without certifying it, and is such neglect on the part of such counsel as makes it necessary to dismiss the writ of error. The bill of exceptions was presented to the judge on October 19, 1909, and should have reached the March term, 1910, of this court. The bill of exceptions was presented to the judge in less than three weeks after the October term, 1909, of this court began, and the plaintiff in error allowed the remainder of that term and the whole of the March term, 1910, to pass without any effort to obtain a mandamus from this court to compel the judge to certify the bill of exceptions, and the bill of exceptions was not certified until several months after the October term, 1910, of this court began.

*Writ of error dismissed. Beck, J., absent. The other Justices concur.*