HARTLEY, administratrix, *v.* MARIETTA NURSERY COMPANY.

ATKINSON, J. 1. When in a bill of exceptions it is recited that the same was tendered "within thirty days from the date of the decisions and judgments complained of," the writ of error will not be dismissed because of the failure of the presiding judge to certify the same within the statutory period, unless it be made to appear that his failure to do so was caused by some act of the plaintiff in error or his counsel. Civil Code, § 6187; *Proctor* v. *Piedmont Cement Co.,* 134 *Ga.* 391 (67 S. E. 942).

2. Proof of weakness of mind, not amounting to imbecility, is not sufficient to warrant a jury in setting aside a contract, there being no proof of fraud or undue influence. *Johnson* v. *Coleman,* 134 *Ga.* 696 (68 S. E. 480). But where there was evidence tending to show that the party making the contract was generally of weak mind, and a physician who had attended him for several years, whose testimony was corroborated by other evidence, testified: "His condition mentally and physically grew weaker and weaker from 1902 to 1907 as a result of the epileptic fits which he had. I would say, from my knowledge of his general condition for before and after February, 1907 [the date of the contract], that he was non compos mentis at that time,"—such evidence was sufficient to raise a question for determination by the jury as to the mental capacity of the maker of the contract, and the grant of a nonsuit was improper. *Lunday* v. *Foreman,* 129 *Ga.* 595 (59 S. E. 276); *Gable* v. *Gable,* 130 *Ga.* 689 (61 S. E. 595).

3. Other assignments of error were abandoned, and will not be considered.
*Judgment reversed. All the Justices concur.*
SEPTEMBER 27, 1912.

Action for money had and received. Before Judge Morris. Cobb superior court. March 14, 1911.

Mrs. Ida E. Hartley, as administratrix upon the estate of C. H. Hartley, deceased, brought an action against the Marietta Nursery Company for the recovery of $1,000. It was alleged that in the year 1902 the Massachusetts Mutual Life Insurance Company

issued a policy of insurance on the life of plaintiff's intestate, the policy being made payable "to his estate." On February 19, 1907, the insured executed to the defendant a transfer of the policy, changing the name of the beneficiary to that of the defendant. Subsequently the insured died, and about October 1, 1909, the defendant collected the $1,000 on the policy, and refused to account to petitioner for the same. It was further alleged that the transfer of the policy was "void, for the reason that at the time said transfer was made the said C. H. Hartley, deceased, was non compos mentis, and did not possess sufficient mental capacity to make a valid contract under the law, and for further reason that said transfer was without consideration." The defendant answered, that the intestate was indebted to the defendant in a greater amount than that collected on the policy; and that the intestate, at the time of making the transfer of the policy, had sufficient mental capacity to make the contract, and the assignment of the policy by him was in payment of the debt. By amendment it was set up that the assignment was as collateral security for the debt; and there was a prayer to recoup the difference between the amount collected on the policy and the amount owed by the intestate to the defendant. On the trial, at the conclusion of plaintiff's evidence, a nonsuit was granted, and the plaintiff excepted. According to the evidence the only question raised by the contentions of the parties was as to the mental capacity of plaintiff's intestate. Other facts sufficiently appear from the headnotes.

*Scott & Davis* and *Cheney & Giles,* for plaintiff.

*Clay & Morris,* for defendant.