### 11461. TOWNS *v.* THE STATE.

A condition of the probation of the accused having been violated by failure to pay $10 per month for the support of his child, under the provisions of a sentence for the offense of abandonment of the child, in which the penalty imposed was a fine of $25 and costs (which he paid) and service in the county chain-gang for a term of six months, the court did not err in ordering that he be turned over to the warden of the chain-gang to serve the remainder of the term of six months.

DECIDED JULY 13, 1920.

Motion to set aside judgment; from city court of Floyd county — Judge Nunnally. April 7, 1920.

Application for certiorari was denied by the Supreme Court.

The defendant moved to set aside the part of the order placing him on probation which requires payment of $10 per month to the

probation officer, to be applied to the support of his child so long as the child "is not in his custody," because this part of the order "is illegal, contrary to law, void, beyond the authority and power of the court, because, defendant . . having paid the fine and costs assessed against him, the court has no further authority to impose a fine or penalty in shape of a monthly payment toward the support of said child;" and "it is illegal for the further reason that should said child remain out of the custody of said Lee Towns for ten years, the order would still be open and binding on him until set aside, and this extends beyond the time that a court can impose a sentence." In the same motion he asked that the order remanding him to the warden of the chain-gang to serve the remainder of the term of six months be set aside, as being illegal, void, and beyond the power of the court, because he had paid the fine and costs assessed, and had not violated the order of probation except in not paying the $10 per month for the support of the child, and therefore he was entitled to be discharged. On the hearing of the motion the movant testified, without contradiction, that he had complied with the terms of the probation order except as stated above. The court overruled the motion, and the movant excepted. In the brief of his counsel it is contended that the probation law (Penal Code of 1910, § 1081 (a) should be construed strictly, as to the conditions imposed, and not as meaning "to enlarge the power of imposing a penalty beyond that already granted by the laws of Georgia;" that the court could not impose a greater financial penalty for the offense than $1,000, and the effect of this order might be to exact payment of a larger amount.

*Harris & Harris,* for plaintiff in error.

*J. F. Kelly, solicitor, W. B. Mebane,* contra.

BLOODWORTH, J. In this case the following judgment was rendered: "Lee Towns having been convicted of abandonment of child is this day sentenced to pay a fine of $25.00 and all costs of this prosecution, and serve six months in the chain-gang of Floyd county. However, it is ordered that Lee Towns, upon payment of said fine and costs, is hereby given leave to serve said sentence without the confines of the chain-gang, provided the aforesaid person shall maintain a correct life and indulge in no unlawful, disorderly, injurious, or vicious habits; shall avoid places and persons of disreputable or harmful character; shall

report to the probation officer of Floyd county as may be directed; shall not leave the jurisdiction of this court without permission of the court, and shall observe such other conditions as are specified below, and as may from time to time be required by the order of probation officer. The probationer shall pay the further sum of ten dollars per month to said probation officer, to be applied as follows: to the support of his child, to wit, Louise Towns, as long as said child is not in the custody of said Towns. This order is granted because to make the defendant support and care for his child, and for the benefit of said child. This the 15th day of March, 1919." On the 22d of December, 1919, the judge issued the following order: " Georgia, Floyd County. To G. W. Smith, sheriff of said county: Lee Towns having been convicted in the city court of Floyd county, and sentenced to pay a fine and costs or serve a term in the chain-gang of Floyd county, and it now appearing to the court that Lee Towns has not complied with the sentence of this court as heretofore passed in this case, you are hereby commanded to arrest the said Lee Towns and bring him before the court that justice may appertain." On April 5, 1920, a third order was signed by the judge, as follows: " Upon the defendant, Lee Towns, being brought before me under order heretofore issued by the court, and it appearing to the court that the defendant has not complied with the order and judgment of the court, by paying $10 per month for the support of said minor child, and in open court the defendant failing to comply with this part of the probation order of this court, it is ordered by the court that the defendant in this case be turned over to the warden of the chain-gang of this county, to serve the balance of said term in the chain-gang of this county."

Under all the facts of this case the judge did not err in ordering that the accused " be turned over to the warden of the chain-gang of this county to serve the balance of said term in the chain-gang of this county."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*