TURNER, executor, *et al. v.* TURNER, *et al.*

No. 13324. NOVEMBER 12, 1940.

*J. B. G. Logan, Fred D. Neel,* and *J. R. Whitaker,* for plaintiffs.
*Paul F. & Warren Akin,* for defendants.

REID, Chief Justice. The final judgment complained of was rendered on August 7, 1939. The judge in certifying the bill of exceptions made the following statement: "I further certify that on October 6, 1939, the bill of exceptions in said case was presented to me for certification, but that I did not certify it, as counsel stated they wished to submit it to opposing counsel before certification, for objection as might be desired. On October 12, 1939, opposing counsel received by mail an incomplete copy of the bill (the signatures being omitted) from counsel for plaintiffs in error, and got that day from counsel for plaintiffs in error the original bill. That day counsel for defendants in error called on the clerk of the court for the papers and record in said case, and were informed that the papers and record were in the office of Mr. Fred D. Neel,

one of the attorneys for plaintiffs in error, and that Mr. Neel was out of town. Mr. Neel returned said papers and record to the clerk's office on Saturday, October 14, 1939, and counsel for defendants in error got said papers and record from the clerk's office on Monday, October 16, 1939. On October 23, 1939, counsel for defendants in error returned said papers and record to the clerk's office, and the same day returned said original bill of exceptions, with the original of the corrected bill as corrected and rewritten by counsel for defendants in error, with copies thereof, to counsel for plaintiffs in error, since which time said bill has been held by counsel for plaintiffs in error until this date. Counsel for plaintiffs in error stated to the court, on January 22, 1940, the first day of the January, 1940, term of Bartow superior court, that they could not agree with the bill of exceptions as rewritten by counsel for defendants in error, and would take the matter up with counsel for defendants in error in an effort to agree upon the bill of exceptions. On this date the bill of exceptions here certified was presented, as a bill agreed to by counsel for both parties, by counsel for plaintiffs in error for certification."

It is not absolutely essential to this court's jurisdiction of a writ of error that the bill of exceptions be certified by the trial judge within the statutory period. If tendered in time, the fact that it was actually certified after the expiration of the statutory period is not fatal where there has not been a long and unreasonable lapse of time between the expiration of such period and the actual certification, sufficient to raise a presumption of negligence on the part of the plaintiff in error in having the same duly certified (*Duke* v. *Kelly*, 136 *Ga.* 832, 72 S. E. 250; *Wilson* v. *Daniels*, 47 *Ga. App.* 693, 171 S. E. 314; *Sapp* v. *Clark*, 50 *Ga. App.* 551, 178 S. E. 759), and where it does not appear that the failure to certify the bill within time was due to some act of the plaintiff in error or his counsel. *Dyson* v. *Southern Ry. Co.*, 113 *Ga.* 327 (2) (38 S. E. 749); *Castleberry* v. *Parrish*, 135 *Ga.* 527 (69 S. E. 817); *Proctor* v. *Piedmont Portland Cement &c. Co.*, 134 *Ga.* 391 (67 S. E. 942); *Stilwell* v. *Watkins*, 135 *Ga.* 149 (68 S. E. 1114); *Thompson* v. *Stephens*, 138 *Ga.* 205 (75 S. E. 136); *Hartley* v. *Marietta Nursery Co.*, 138 *Ga.* 736 (76 S. E. 39); *Sweat* v. *Barnhill*, 171 *Ga.* 294 (2) (155 S. E. 18); *Strickland* v. *Brannen*, 18 *Ga. App.* 325 (89 S. E. 377). Our law makes no provision for

submitting a bill of exceptions to opposing counsel before tendering it to the judge for certification; and there is no express provision requiring the judge to cause it to be submitted to opposing counsel after it is tendered and before it is certified. Both practices are, however, customary and commendable. The statute literally contemplates that upon the tender of a bill of exceptions the judge will examine it, and, if he finds it true and correct, will sign it, and that if he does not find it correct he will within ten days of the tender return it to the party presenting it, with his objection stated in writing, or he may order notice to the opposite party and may hear evidence as to what is correct. Code, § 6-909.

In the event the judge returns the bill of exceptions to the plaintiff in error for correction, and he fails to retender it to the judge within thirty days in case of ordinary bills of exceptions or twenty days in case of fast bills, the writ of error must be dismissed, unless the failure so to retender was occasioned by providential or other imperative causes not reasonably within the control of the excepting party. *Allison* v. *Jowers*, 94 *Ga.* 335 (21 S. E. 570); *Atkins* v. *Winter*, 121 *Ga.* 75 (48 S. E. 717). If when the bill of exceptions is tendered the judge does not pass on its correctness, but merely notes the date of tender and returns it to counsel for submission to counsel for the defendant in error, counsel for the plaintiff in error must, as in the above instance, act with reasonable diligence in retendering the bill of exceptions. In such case the time for retendering the bill of exceptions for actual certification is not automatically extended until the parties shall reach an agreement in reference to the recitals of the bill of exceptions. Should counsel for the defendant in error object to the bill of exceptions tendered, and the parties are unable to reach an agreement, it is the right and duty of the plaintiff in error to retender the bill of exceptions to the judge in the form contended for by him, so that the judge may pass on its correctness for certification. If the judge fails to act to bring the matter to a conclusion, the plaintiff in error may resort to this court for a writ of mandamus. Code, § 6-910. In the present case final judgment was rendered on August 7, 1939. The bill of exceptions was originally tendered to the judge on October 6, 1939, but was returned to counsel without certification, so that he might submit it to opposing counsel. This was done on October 12, 1939, and opposing counsel returned it to counsel for plaintiffs

in error, with certain changes, on October 23, 1939. It was not until January 22, 1940, or approximately three months thereafter, that counsel for the plaintiffs in error stated to the judge that the plaintiffs in error could not agree to the bill of exceptions as rewritten by opposing counsel, and would take the matter up with counsel for defendants in error. It was not until March 9, 1940, that the bill of exceptions was retendered for certification, more than five months after the expiration of the statutory period. The only reason for this delay appears to be that the parties were unable sooner to reach an agreement as to the bill of exceptions. This is no justification. The delay was unreasonable; and the motion to dismiss must prevail. *Jensen* v. *Jacobs' Pharmacy Co.,* 143 *Ga.* 724 (85 S. E. 873).

The second headnote does not require elaboration.

*Writ of error dismissed.    All the Justices concur.*