CLAY *et al. v.* FLOYD *et al.*

No. 17592. SUBMITTED SEPTEMBER 12, 1951—DECIDED OCTOBER 3, 1951.

*Hudson & LeCraw,* for plaintiffs in error.
*Carl T. Hudgins,* contra.

CANDLER, Justice. Concerning a motion which has been made to dismiss the writ of error, the record shows: On June 4, 1948, J. L. Floyd, and several other similarly situated property owners,

filed an equitable suit in the Superior Court of DeKalb County against Aubrey and Minnie Lee Clay, alleging that they had wrongfully obstructed a described passageway, which they had a right to use as their only means of ingress and egress to and from their homes. A jury on December 6, 1950, found in favor of the plaintiffs, and on that verdict a decree was rendered perpetually enjoining the defendants from committing any further act which would interfere in any way with the plaintiffs' use of the road in question. For want of prosecution, a motion for a new trial, as made by the defendants, was dismissed on February 2, 1951. This contempt proceeding emanates from that litigation, and the judgment presently complained of by Mr. and Mrs. Clay was rendered April 16, 1951. Without first giving the designated defendants in error or their counsel notice of the time and place of presentation, a proposed bill of exceptions was tendered to the trial judge for certification on May 4, 1951; it was signed by him 82 days later, and neither his certificate nor the record specifies or shows any cause for the delay. The motion to dismiss is based upon the ground that the bill of exceptions was not certified within the time allowed by law, and that this court is, for that reason, without jurisdiction. For the desired purpose of expediting litigation, the General Assembly, by a resolution approved February 1, 1946, changed in many respects the rules of practice and procedure for the appeal or review of cases in the courts of this State. By that resolution § 6-902 of the Code of 1933 was amended, and the time for tendering bills of exceptions was changed from thirty days to twenty days. The new rules also provide for notice to the designated defendant in error, or his attorney of record, of the time and place when a proposed bill of exceptions will be presented for certification; and they also afford the named defendant in error an opportunity to be heard on the question of whether or not the proposed bill of exceptions is correct and complete. Code (Ann. Supp.), § 6-908.1. Also, as amended by the resolution of 1946, the Code, § 6-909, now provides: "If the judge shall determine that the bill of exceptions is not true, or does not contain all the necessary facts, he shall return the same, within 10 days, to the party or his attorney, with his objections to the same in writing. If those objections shall be met and removed, the judge may then certify,

specifying in his certificate the cause of the delay. The judge shall order notice to the opposite party of the fact and time of tendering the exceptions and may hear evidence as to the truth thereof." Thus speedier and more orderly procedure for the presentation and certification of bills of exceptions was provided for thereby; and, under the rules as they now stand, the presiding judge is required to take affirmative action on all bills of exceptions within ten days after they are presented to him. When the bill of exceptions in the instant case was tendered to the trial judge for certification, he held it for some wholly undisclosed cause for 82 days before signing it, but there is a presumption that he properly performed his official duty respecting it. Code, § 38-114. He certified that reasonable notice of the presentation of the bill of exceptions had been given to counsel for the defendants in error and that an opportunity to be heard on the question of whether or not it was correct and complete had been afforded them. However, the record contains no fact or circumstance indicating that a hearing was had for the purpose of correcting or completing the bill of exceptions. Nor, so far as the record shows, was it returned to counsel for the plaintiffs in error because it was not true or did not contain all necessary facts. Within ten days after the bill of exceptions was presented to the trial judge, he should have certified it or proceeded in the manner and way now provided by law to correct or complete it; but his failure to do so would not work a dismissal of the writ of error, unless caused by some act of the plaintiffs in error or their counsel of record; and this is true because the Code, § 6-1312, as codified from an act passed by the legislature in 1896, declares: "No bill of exceptions shall be dismissed upon the ground that the same was not certified by the judge in the time required by law for tendering and signing bills of exceptions; but if it shall appear from the bill of exceptions that the same was tendered to the judge within the time required by law, a mere failure on his part to sign the same within the time prescribed shall be no cause for dismissal, unless it should appear that the failure to sign and certify the same by the presiding judge within the time prescribed by law was caused by some act of the plaintiff in error or his counsel." In this case the record shows indisputably that the plaintiffs in error tendered their bill of exceptions to the

trial judge within the time allowed by law, and unless his failure to certify it for an intervening period of 82 days is attributable in some way to the fault of the plaintiffs in error it should not be dismissed. *Proctor* v. *Piedmont Cement Co.*, 134 *Ga.* 391 (67 S. E. 942); *Hartley* v. *Marietta Nursery Co.*, 138 *Ga.* 736 (76 S. E. 39); *Sweat* v. *Barnhill*, 171 *Ga.* 294 (155 S. E. 18). But it is as equally well settled that, when the judge's failure to sign and certify a bill of exceptions within the time prescribed by law results from inexcusable non-action on the part of the plaintiff in error or counsel, this court will dismiss the writ of error. *Duke* v. *Kelly*, 136 *Ga.* 832 (72 S. E. 250). For example, it was held by this court in *Turner* v. *Turner*, 191 *Ga.* 123 (12 S. E. 2d, 633), that a writ of error should be dismissed where a timely presented bill of exceptions was returned for correction, and counsel failed to retender it within the time limit provided for its presentation in the first instance, which, at that time, was thirty days in case of ordinary bills of exceptions and twenty days in case of fast bills. Here the bill of exceptions, though presented in time, was not signed by the trial judge within the time allowed by law, or during a reasonable period of time thereafter; and if the plaintiffs in error are in any way at fault for this, the writ of error must be dismissed. *Duke* v. *Kelly*, supra.

The Code, § 6-910, provides: "If from any cause the bill of exceptions shall not be certified by the judge, without fault of the party tendering, such party or his attorney may, by petition, apply to the Supreme Court or the Court of Appeals, as the case may be, for a mandamus nisi, directed to such judge." In the case at bar no application was made to this court to require the judge to certify the tendered bill of exceptions, and we do not think that § 6-1312 of the Code, hereinbefore quoted, prohibits a dismissal of the writ of error when the bill of exceptions is presented in time, but held by the trial judge unsigned for an unreasonably long period of time with the express or tacit acquiescence of the plaintiff in error; and tacit acquiescence in the judge's failure to sign a bill of exceptions results from a failure of the plaintiff in error or his counsel to use the facilities of the law when the judge retains the bill of exceptions, for no sufficient cause, after the time prescribed by law for its certification has expired. Non-action by the judge, when he should act, is no

excuse for inaction by the plaintiff in error or his counsel where the law provides, as it does, an adequate remedy; and this is true because the defendant in error likewise has rights which the law must also protect. If the act of 1896 should be construed differently, the judge might overlook the bill of exceptions or lay it aside and let years pass before taking action upon it. In the meantime, the defendant in error would remain in a state of complete uncertainty, and his rights of property and other rights might have a cloud cast upon them by reason of the timely tendering and retention of an inchoate bill of exceptions. We are aware of no law which relieves litigants from the duty of being diligent. Proper and orderly disposition of pending litigation adds much to the dignity of law, and the rules of practice and procedure are framed to that prominent end. For all that appears from the record, the judge's omission to certify the bill of exceptions within ten days after its presentation to him, and the failure of the plaintiffs in error or their counsel, for a period of 82 days, to apply to this court for a writ of mandamus to compel him to act and thus advance the prosecution of the writ of error, are inexcusable. That being true, it necessarily follows that the plaintiffs in error are at least to some extent at fault for an unnecessary delay in presenting the questions involved for this court's final decision; and, accordingly, the motion to dismiss the writ of error will for that reason be sustained. The reason for the judge's delay in signing the bill of exceptions should have appeared in his certificate, and we can not hear evidence as to the matter. *Dykes* v. *Brock*, 128 *Ga.* 395, 397 (57 S. E. 700).

*Writ of error dismissed. All the Justices concur, except Atkinson, P.J., and Wyatt, J., who dissent.*