### GILBERT *v.* MOODY.

CANDLER, Justice. On the call of this case for argument, a motion was made to dismiss the writ of error on the ground that this court is without jurisdiction, since the bill of exceptions was not timely certified. As to this, the record shows: A proposed bill of exceptions was presented to the trial judge on October 6, 1952. It was signed by him .59 days later, and no explanation for his delay in certifying it was then made. After counsel for the defendant in error had acknowledged service of the bill of exceptions, the trial judge by an undated supplementary certificate recited the following: "The delay in signing the above certificate was because of illness of counsel for plaintiff in error and inability of the court, on account of business, to consider the matter sooner." *Held:*

Under the rulings of this court in *Clay* v. *Floyd*, 208 *Ga.* 374 (66 S. E. 2d, 916), *Amick* v. *Poteet*, 208 *Ga.* 674 (68 S. E. 2d, 903), and the several cases there cited, the motion to dismiss the writ of error is meritorious. Here, as in those cases, the judge failed to sign the bill of exceptions

within the time prescribed by law or during a reasonable period of time thereafter, and the party presenting it for certification took no appropriate and available action to have him certify it sooner. The delay is therefore inexcusable. See *Walker* v. *Wood,* 119 *Ga.* 624 (1) (46 S. E. 869); *Jensen* v. *Jacobs Pharmacy Co.,* 143 *Ga.* 724 (85 S. E. 873); *Duke* v. *Kelly,* 136 *Ga.* 832 (72 S. E. 250); and *Turner* v. *Turner,* 191 *Ga.* 123 (12 S. E. 2d, 633). And a different ruling is not required in this case by the facts recited in the judge's undated supplementary certificate. Except as expressly provided by Code § 6-810 (1), relating to omitted and material parts of the record, a trial judge has no power or jurisdiction to supplement his certificate to a bill of exceptions. *Beck & Gregg Hardware Co.* v. *Crum,* 127 *Ga.* 94 (1) (56 S. E. 242); *Kniepkamp* v. *Richards,* 192 *Ga.* 509 (1) (16 S. E. 2d, 24). And, except as just shown, this court has no power to consider a second or supplemental certificate to a bill of exceptions. *Jones* v. *State,* 100 *Ga.* 579, 582 (28 S. E. 396). "After a judge has signed a bill of exceptions, he has exhausted his statutory power with respect thereto, and he cannot subsequently alter or re-certify the same. When a bill of exceptions is signed by the presiding judge, the writ of error is thereby completed, and further jurisdiction of the case is lost by the superior court and passes to this court." *Perry* v. *Central Railroad,* 74 *Ga.* 411. To the same effect is the case of *Marshall* v. *Livingston,* 77 *Ga.* 21. This court has also held that, if one certificate be made, the bill of exceptions is a finished document, a writ of error, over which the reviewing court has jurisdiction either to hear the case on its merits or to dismiss it for legal cause. *Scott* v. *Central Railroad,* 77 *Ga.* 450. Facts recited in a second or supplemental certificate to a bill of exceptions will be ignored (*Dyson* v. *Southern Ry. Co.,* 113 *Ga.* 327 (3), 38 S. E. 749); and in dealing with a motion to dismiss a writ of error aliunde testimony, by affidavit or otherwise, cannot be considered by this court. *Strong* v. *Atlanta Consolidated Street Ry. Co.,* 97 *Ga.* 693 (25 S. E. 379). See also *Woolf* v. *State,* 104 *Ga.* 536 (30 S. E. 796); and *Cordray* v. *Savannah Union Station Co.,* 134 *Ga.* 865 (68 S. E. 697). In the *Cordray* case it was said that, "when the judge of the superior court has signed a certificate to a bill of exceptions, he has exhausted his power in that regard and can not add a supplementary certificate explanatory of the first." Accordingly, the motion to dismiss the writ of error must be sustained.

*Writ of error dismissed. All the Justices concur, except Atkinson, P. J., not participating, and Wyatt, J., who dissents.*

No. 18107. ARGUED FEBRUARY 9, 1953—DECIDED FEBRUARY 24, 1953.

*Boyd & Reeves* and *Rex T. Reeves,* for plaintiff in error.

*Henry M. Hatcher* and *Johnson, Hatcher, Rhudy & Meyerson,* contra.