### 19339. BUICE *v.* BRYAN, Warden.

DUCKWORTH, Chief Justice. The exception here is to a judgment remanding a prisoner back to the custody of a warden after a habeas corpus hearing, in which the petitioner insists that he had served more than the length of his sentence by reason of the fact that he has served more than 36 months of a 36 months' sentence which was probated, and he has served the same both under probation and while incarcerated as a result of revocation of the order of probation. The record shows that the petitioner pleaded guilty to three counts of abandonment of minor children and was sentenced to serve 36 months, which sentence was "suspended on condition that the defendant pay" certain sums to the support of his minor children, but it was also probated with the payment of a fine of

$35 and upon payment of the fine "to serve the aforesaid sentence outside the confines of the jail . . . or other place of detention . . . provided . . . he shall indulge in no unlawful, disorderly, injurious or vicious habits." This order further required him not to drink or handle intoxicating liquors and report to the probation officer monthly a true statement of his earnings, conduct, and welfare. The following words were also added to the order of probation: "suspended on conditions that defendant pay $22.98 per week for the support of his minor children . . ." Both the suspended sentence and the order of probation are dated September 17, 1952. On August 19, 1953, the suspended sentence was revoked. On September 25, 1953, it was ordered that the defendant be released instanter and "be allowed to serve the remaining portion of said sentence on probation outside of said public works camp." On December 2, 1954, the order of September 25, 1953, was revoked and the defendant ordered to serve "for and during the term of 36 months, excepting the period of time already served . . . the same being a credit of 1 month 4 days." The testimony at the hearing was, in substance, that the prisoner was thus restrained of his liberty by the warden at the Cobb County Public Works Camp under the above orders of the court, which were introduced in evidence without objection. *Held:*

1. While, as stated in *Duke* v. *Kelly,* 136 *Ga.* 832, 833 (72 S. E. 250), followed in *Clay* v. *Floyd,* 208 *Ga.* 374 (66 S. E. 2d 916), *Harris* v. *Wester,* 178 *Ga.* 267 (173 S. E. 87), *Bostic* v. *Nesbitt,* 209 *Ga.* 159 (71 S. E. 2d 213), *Gilbert* v. *Moody,* 209 *Ga.* 637 (74 S. E. 2d 879), and a number of other cases, "it was not the legislative intent that a plaintiff in error or his counsel, upon tendering a bill of exceptions, should remain inactive for an indefinite length of time and permit the judge to hold the bill of exceptions without any action upon it," yet where, as in this case, the plaintiff in error is a prisoner, deprived of his liberty, and the defendant in error is the warden to whose custody he is remanded, and the bill of exceptions thus tendered to the judge is a review of a hearing on habeas corpus, the motion to dismiss the bill of exceptions, on the ground of the long delay from the time of tender on the 27th day of January, 1956, to the date of certification on the 13th day of March, 1956, a period of 45 days, will not be granted for the reasons in the above opinions, since the plaintiff in error is the only party harmed by the delay, there being no personal or property rights involved except the liberty of the petitioner. There were property rights involved in the above cases and, as stated in *Duke* v. *Kelly,* the defendant in error should not be forced to remain in a position of uncertainty as to his personal or property rights by reason of the retention of an inchoate bill of exceptions, but none of these cases were habeas corpus cases as here, wherein the plaintiff in error alleges he is illegally restrained of his liberty by reason of false imprisonment, and the dismissal of this action will not prevent him from again bringing another petition for his release.

2. Since the State of Georgia is not a party to the case, there was no necessity to serve the attorney-general as a party, as required by Georgia L. 1956, p. 625, in cases in which the State is involved, and this ground of the motion to dismiss is without merit.

3. Sentences for criminal offenses shall be certain, definite, and free from

510

ambiguity, and where the contrary appears, the benefit of doubt shall be given the accused. 24 C. J. S. 101, § 1581; *Dixon* v. *Baughn*, 149 *Ga*. 86, 87 (99 S. E. 34); *Cooley* v. *Dixon*, 149 *Ga*. 506 (101 S. E. 181); *Cross* v. *Huff*, 208 *Ga*. 392 (67 S. E. 2d 124).

4. The court having power to place the offender on probation under the authority of Code (Ann.), § 27-2702 (Ga. L. 1913, p. 112; 1950, pp. 352, 353), and both the pleadings and the record here showing that the petitioner, in addition to having his sentence "suspended," was also "probated," and he has served more than 36 months both outside the confines of a place of detention under probation and while incarcerated, and the bill of exceptions and the record showing that the petitioner has completely served his sentence from September 17, 1952, the date of probation and the time from which his sentence was to run under Code § 27-2505 until December 23, 1955, when this suit was filed, both within and without the confines of a place of detention, a period of more than three years, the attempt by the court in its order of December 2, 1954, revoking a previous probation order to require him to serve his entire sentence less the time of actual incarceration, was null and void, and the petitioner should be dismissed as having served his entire sentence. See *Towns* v. *State*, 25 *Ga. App*. 419 (103 S. E. 724); *Guest* v. *State*, 87 *Ga. App*. 184 (73 S. E. 2d 218); *Cross* v. *Huff*, 208 *Ga*. 392, supra. The case is different on its facts from *Aldredge* v. *Potts*, 187 *Ga*. 290 (200 S. E. 113, and *Clarke* v. *Carlan*, 196 *Ga*. 130 (26 S. E. 2d 362), in which the suspended sentence was declared void, since there is a valid order probating the sentence here.

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 15, 1956—DECIDED JUNE 12, 1956—REHEARING DENIED JULY 11, 1956.

*Howell C. Ravan*, for plaintiff in error.

*Luther C. Hames, Jr.*, Solicitor-General, *Eugene Cook*, Attorney-General, *E. Freeman Leverett, Robt. H. Hall*, Assistant Attorneys-General, contra.