## 20751. WALTON *v.* CHATHAM.

HEAD, Presiding Justice. 1. "If a bill of exceptions is true, and contains, in connection with the transcript of the record, all the facts necessary to the understanding and adjudication of the alleged error, the judge shall sign and certify the same within 10 days from the date he received it, unless returned to counsel for plaintiff in error for correction thereof as provided by law." Ga. L. 1957, pp. 224, 244 (Code, Ann., § 6-902).

2. "If from any cause the bill of exceptions shall not be certified by the judge, without fault of the party tendering, such party or his attorney may, by petition, apply to the Supreme Court or the Court of Appeals, as the case may be, for a mandamus nisi, directed to such judge." Code § 6-910.

3. The bill of exceptions in the present case was tendered to the trial judge on May 19, 1959; it was certified on November 16, 1959. Prior to tender, the bill of exceptions had been approved by opposing counsel as correct, and counsel waived any right to object as provided by Ga. L. 1946, pp. 726, 735 (Code, Ann., § 6.908.1). No reason appears in the certificate, nor is any shown by the record, for the delay in certification, and counsel for the plaintiff in error has made no effort to obtain a mandamus from this court to compel the trial judge to certify the bill of exceptions. Under previous rulings of this court, the writ of error must be dismissed. *Duke* v. *Kelly,* 136 *Ga.* 832 (72 S. E. 250); *Clay* v. *Floyd,* 208 *Ga.* 374 (66 S. E. 2d 916); *Amick* v. *Poteet,* 208 *Ga.* 674 (68 S. E. 2d 903); *Bostic* v. *Nesbitt,* 209 *Ga.* 159 (71 S. E. 2d 213); *Gilbert* v. *Moody,* 209 *Ga.* 637 (74 S. E. 2d 879); *Moore* v. *Moore,* 215 *Ga.* 47 (2) (108 S. E. 2d 704).

*Writ of error dismissed. All the Justices concur.*

SUBMITTED JANUARY 12, 1960—DECIDED FEBRUARY 11, 1960.

*W. Harvey Armistead,* for plaintiff in error.
*Edward D. Wheeler,* contra.