38766. BRANNEN v. CUBBEDGE *et al.*, Executors.

NICHOLS, Judge. On October 11, 1960, the trial court overruled the defendant's motion for new trial and for a judgment non obstante veredicto. On November 8, 1960, the defendant tendered his bill of exceptions to the trial court for certification, counsel for the plaintiffs having waived notice of such presentation on the same date. On December 28, 1960, the

trial court certified the writ of error and on January 4, 1961, counsel for the plaintiffs acknowledged service of such writ of error. *Held:*

1. Under the decisions of the Supreme Court in the cases of *Duke v. Kelly,* 136 Ga. 832, 833 (72 S. E. 250); *Clay v. Floyd,* 208 Ga. 374 (66 S. E. 2d 916); *Bostic v. Nesbitt,* 209 Ga. 159 (71 S. E. 2d 213); *Gilbert v. Moody,* 209 Ga. 637 (74 S. E. 2d 879); *Moore v. Moore,* 215 Ga. 47 (2) (108 S. E. 2d 704); *Walton v. Chatham,* 215 Ga. 683 (113 S. E. 2d 125); *Jarvis v. Risner,* 215 Ga. 684 (113 S. E. 2d 126), and similar cases, the writ of error must be dismissed, for no reason appears in the certificate, nor is any shown in the record, for the delay in certification, and counsel for the plaintiff in error have made no effort to obtain a mandamus from this court to compel the judge to certify the bill of exceptions.

2. The decision in the case of *Buice v. Bryan,* 212 Ga. 508 (1) (93 S. E. 2d 676), where the bill of exceptions was held by the trial judge for forty-five days, does not authorize a different judgment, for in that case the only party harmed by the delay was the plaintiff in error who was in jail, and the Supreme Court held that for such reason an exception to the general rule existed.

*Writ of error dismissed. Felton, C. J., and Bell, J., concur.*

DECIDED APRIL 5, 1961—REHEARING DENIED APRIL 24, 1961.

*David H. Fritts,* for plaintiff in error.
*Robert E. Falligant,* contra.