### 39824. BOZE v. ATLANTA VETERANS TRANSPORT, INC. et al.

RUSSELL, Judge. 1. "Where a judge of the superior court signs a bill of exceptions as of a certain date, there is no provision of law for him to give a supplemental certificate as to the time when and the circumstances under which he signed the orig-

inal certificate, with a view to determining whether the bill of exceptions was tendered within the time required by law. By signing the first certificate the judge exhausts his power in that regard, and can not add a supplementary certificate explanatory of the first." *Grant v. Southern Bell Tel. &c. Co.,* 145 Ga. 298 (2) (89 SE 364) and citations.

2. Where the trial judge fails to sign the bill of exceptions within the time provided by law or within a reasonable time thereafter, and the party presenting it for certification takes no appropriate and available action to have him certify it sooner, and it does not appear from the certificate that the delay was not due to negligence or laches on the part of counsel for the movant, the delay must be considered inexcusable, and a timely motion to dismiss the writ of error must be granted. *Gilbert v. Moody,* 209 Ga. 637 (74 SE2d 879) and cits.

The delay between the tender of the bill of exceptions to the trial judge and his signature on the certificate in *Gilbert* was 59 days; in the present case the delay consisted of 53 days. What may constitute a "reasonable time after" the 10 days allowed by law is not necessary to be decided here, because the time involved in the two cases is so nearly identical as to make the cited decision controlling on the question. It follows that the bill of exceptions must be

*Dismissed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED NOVEMBER 29, 1962.

*Ernest Bostick, Raymond R. Burgess,* for plaintiff in error.
*Nall, Miller, Cadenhead & Dennis, A. Paul Cadenhead, Thomas A. Rice, Hansell, Post, Brandon & Dorsey, Jule W. Felton, Jr., W. Dent Acree,* contra.