22491.   STRICKLAND v. STRICKLAND.

SUBMITTED MAY 11, 1964—DECIDED MAY 28, 1964.

*Thomas, Howard & Moran,* for plaintiff in error.

*Albert E. Butler, J. Alvin Leaphart,* contra.

HEAD, Presiding Justice. ■ The judgment in the present case was rendered on November 20, 1963. The bill of exceptions was presented to the trial judge on December 12, 1963. On December 20, 1963, the judge passed an order reciting that: "The foregoing matter coming on to be heard for the purpose of approval of the bill of exceptions tendered to the court on the 12th day of December, 1963," it is considered, ordered, and adjudged "that the hearing on said matter be and the same is hereby continued until 2 o'clock, p.m., on the 17th day of January, 1964."

The bill of exceptions was certified by the trial judge on February 1, 1964, and in the order approving the bill of exceptions it is recited: "It is hereby further certified that the regular January session of Glynn Superior Court caused the court to be unable to hold the hearing for approval of said bill of exceptions on the 17th day of January, 1964, as provided by order of this court granted on the 20th day of December, 1963, and therefore, just and good cause existed for the delay in approval of said bill of exceptions and that said delay was not due to any lack of diligence of, and could not have been avoided by, either party or their counsel."

On December 14, 1963, counsel for the plaintiff in error (defendant) served a copy of a notice on counsel for the defendant in error (plaintiff) wherein it was recited that on December 12, 1963, a bill of exceptions had been presented to the trial judge, and that on December 20, 1963, the bill of exceptions, including the brief of evidence, would be presented for approval and certification. Counsel for the defendant in error acknowledged service of this notice on December 14, 1963.

The record does not disclose any approval of the bill of exceptions by counsel for the defendant in error. See *Walton v. Chatham,* 215 Ga. 683 (113 SE2d 125). The bill of exceptions was presented within the time provided by law, and delay on the part of the trial judge in approving the bill of exceptions and the brief of evidence was, under the certificate of the judge, caused by his absence from the county, holding a session of the superior court in another county of the circuit. The motion to dismiss the bill of exceptions is without merit and is denied.

■ Under the stipulation of facts and the father's testimony, his income had increased approximately $1,800 per year since the date of the divorce decree awarding alimony for the support of his two daughters. There is nothing in the record in the present case to warrant the action of the trial judge in terminating support for the daughter in school. It is the obligation of the father, in this State, to provide for the maintenance, protection, and education of his child until such child reaches the age of 21 years. Code § 74-105. The fact that the father in the present case, subsequently to the divorce decree, voluntarily assumed the additional obligation of a second family by marriage did not authorize a termination of the obligation to the daughter by his former marriage, and especially is this true since it is shown that the income of the father has substantially increased since the date of the alimony decree. McClinton v. McClinton, 217 Ga. 283 (122 SE2d 112).

The trial judge erred in terminating the alimony payments.

*Judgment reversed. All the Justices concur.*