### 22588. GORE v. FITE.

HEAD, Presiding Justice. 1. "If a bill of exceptions is true, and contains, in connection with the transcript of the record, all the facts necessary to the understanding and adjudication of the alleged error, the judge shall sign and certify the same within 10 days from the date he received it, unless returned to counsel for plaintiff in error for correction thereof as provided by law." Ga. L. 1957, pp. 224, 244 (*Code Ann.* § 6-902).

2. "If from any cause the bill of exceptions shall not be certified

by the judge, without fault of the party tendering, such party or his attorney may, by petition, apply to the Supreme Court or the Court of Appeals, as the case may be, for a mandamus nisi, directed to such judge." *Code* § 6-910.

3. The bill of exceptions in the present case was tendered to the trial judge on March 25, 1964. On the same date the brief of evidence was approved by counsel for the parties and by the trial judge. The bill of exceptions was certified by the trial judge on June 4, 1964. No reason appears in the certificate, and none is shown by the record, for the delay in certification. Counsel for the plaintiff in error have not made any application to this court for mandamus to compel the trial judge to certify the bill of exceptions. The delay in certification being both unreasonable and inexcusable, under the decisions of this court, and in violation of the mandate of the statute, the writ of error must be dismissed. *Allison & Davis v. Jowers,* 94 Ga. 335, 336 (21 SE 570); *Atkins v. Winter,* 121 Ga. 75, 77 (48 SE 717); *Dykes v. Brock,* 128 Ga. 395 (57 SE 700); *Mulling v. Exchange Bank of Waycross,* 137 Ga. 431 (73 SE 654); *Clay v. Floyd,* 208 Ga. 374 (66 SE2d 916); *Amick v. Poteet,* 208 Ga. 674 (68 SE2d 903); *Bostic v. Nesbitt,* 209 Ga. 159 (71 SE2d 213); *Gilbert v. Moody,* 209 Ga. 637 (74 SE2d 879); *Moore v. Moore,* 215 Ga. 47 (108 SE2d 704); *Walton v. Chatham,* 215 Ga. 683 (113 SE2d 125).

*Writ of error dismissed. All the Justices concur. Duckworth, C. J., and Grice, J., concur specially.*

ARGUED SEPTEMBER 14, 1964—DECIDED SEPTEMBER 28, 1964— REHEARING DENIED OCTOBER 8 AND OCTOBER 19, 1964.

*Freeman & Hawkins, Paul M. Hawkins, Joe C. Freeman, Jr., William G. Grant,* for plaintiff in error.

*Henry A. Stewart, Forrest C. Oates, Jr., Harold L. Murphy, John W. Maddox,* contra.

DUCKWORTH, Chief Justice, concurring specially. I concur because the decisions cited in the opinion are binding upon me, but I consider them unsound, in irreconcilable conflict with *Code* § 6-1312, and therefore they should be overruled. But some of my associates are unwilling to overrule those cases; consequently, I have no choice but to concur.

It should be noted that in this case the trial judge's certificate reads that "any delay in certifying this bill of exceptions was not occasioned by plaintiff in error or his counsel." *Code* § 6-1312 provides that no bill of exceptions shall be dismissed upon the ground that it was not certified within the time provided by law if it appears it was tendered within the time required and "it shall be no cause for dismissal, unless it should appear that the failure to sign or certify the same by the presiding judge within the time required by law was caused by some act of the plaintiff in error or his counsel."